UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HOWARD ACKERMAN,               )
                               )
        Plaintiff,             )   Case No.: 2:11-cv-00883-GMN-PAL
    vs.                        )
                               )   **ORDER**
STATE OF NEVADA DEPARTMENT     )
OF CORRECTIONS, et al.,        )
                               )
        Defendants.            )
_____)

Pending before the Court is Plaintiff's Motion for a Temporary Restraining Order ("TRO") (ECF No. 17); Plaintiff's Motion to Certify Class (ECF No. 5); and Defendants' Motion to Stay the Proceedings (ECF No. 13) or, alternatively, Extend Time (ECF No. 14). For the reasons that follow, Plaintiff's Motion for a TRO (ECF No. 17) will be DENIED without prejudice and this case will be STAYED. Accordingly, Plaintiff's Motion to Certify Class (ECF No. 5) will also be DENIED without prejudice, as will be Defendants' Motion to Extend Time (ECF No. 14).

**I.   MOTION FOR A TRO**

This lawsuit was brought based on Plaintiff's belief that the Nevada Department of Corrections was planning on eliminating its kosher foods program in favor of a non-kosher "common fare" meal plan. However, as was discussed at the June 10, 2011 hearing, (*see* ECF No. 11), Plaintiff filed this lawsuit prematurely. The Nevada Department of Corrections has not decided to implement a non-kosher meal plan, nor does it appear as though they intend to formulate such a plan. It is possible that the Nevada Department of Corrections may need to overhaul some aspects of its meal system due to budgetary constraints, but, should it need to do so and should that overhaul affect the kosher meals in any way, the Department agreed to give

1  Plaintiff thirty (30) days notice prior to implementing any such changes. (*See* Minutes of
2  Proceedings, ECF No. 11.)
3       Plaintiff now brings this Motion for a TRO (ECF No. 17) not because the Department of
4  Corrections implemented a new policy with regard to kosher meals, but because he was moved
5  to a different Nevada correctional facility where he believes the meals he is receiving are not
6  actually kosher.  Consequently, "Plaintiff requests that this court order that Plaintiff be
7  immediately returned to the general population ward at his prior location . . . and that he be
8  immediately provided access to a properly supervised kosher meal and that this Court issue an
9  Order to Show Cause as to why they should not be sanctioned for taking such actions." (Mot.
10 for TRO 3:4-8, ECF No. 17.)  Because Plaintiff fails to carry his burden of demonstrating that
11 he is entitled to a TRO, this relief cannot be granted.
12     A.    <u>Standard for Granting a TRO</u>
13      Temporary restraining orders are governed by the same standards applicable to
14 preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181
15 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001).  A TRO may therefore be issued if a plaintiff
16 establishes: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer
17 irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his
18 favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense*
19 *Council, Inc.*, 555 U.S. 7, 20 (2008).  Alternatively, "'serious questions going to the merits' and
20 a balance of hardships that tips sharply towards the plaintiff can support issuance of a
21 preliminary injunction, so long as the plaintiff also shows that there is a likelihood of
22 irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies*
23 *///*
24 *///*
25 *///*

*v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

      B.    <u>Plaintiff's Motion Fails to Address All of the *Winter* and/or *Cottrell* Factors</u>

It is the moving party's burden to demonstrate that it is entitled to a TRO. In order to do so, that party must offer argument demonstrating that all of the *Winter* or *Cottrell* elements are satisfied. A party's failure to do so is grounds for denial of the motion. *See Wolverton v. Wells Fargo Bank N.A.*, No. 2:11-cv-00628-GMN-PAL, 2011 WL 1768743, at *2 (D. Nev. May 6, 2011).

Here, Plaintiff has failed to analyze why his current situation fulfills the *Winter* or *Cottrell* elements. Instead, he merely refers the Court to his earlier, untimely Motion for a TRO (ECF No. 4), in which he analyzed whether a TRO could be issued in order to prevent the Nevada Department of Corrections from replacing its kosher meal plan with a "common fare" meal plan. Although the law underlying both of these requests for a TRO is similar, the facts and the exact relief requested have changed. For example, whereas Plaintiff's first Motion was seeking a TRO "restraining Defendants from stopping their planned discontinuation of kosher food service within the State of Nevada Department of Corrections," (Mot. for TRO 1:26-28, ECF No.4), here Plaintiff is asking to be returned to his previous correctional facility so that he might have access to the meals served there. Such relief would affect different aspects of Defendants' logistical, financial, and penological interests, and, therefore, it is inappropriate for Plaintiff to rely on its earlier, Motion to justify the relief requested in this TRO.

Because Plaintiff has failed to analyze the *Winter* or *Cottrell* elements as they apply to the instant request for a TRO, Plaintiff's Motion for a TRO (ECF No. 17) will be denied.

      C.    <u>Plaintiff Fails to Make a Clear Showing that He is Being Deprived of Kosher Foods</u>

Plaintiff's Motion for a TRO (ECF No. 17) must also be denied because he has failed to

meet his burden of showing that he is being deprived of kosher food. "It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 973 (1997) (quoting 11 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2948 (2d ed. 1995)). The Ninth Circuit has overturned preliminary injunctions where the Motion for a Preliminary Injunction was supported by affidavits, but those affidavits were "conclusory and without sufficient support in facts." *See, e.g., American Passage Media Corp. v. Cass Communications Inc.*, 750 F.2d 1470 (9th Cir. 1985). Here, Plaintiff has failed to make a clear showing that he is actually being deprived of kosher meals and, therefore, has failed to show that he is likely to succeed on the merits of his claim or that he is likely to suffer irreparable harm.

     The "Factual Background" section of Plaintiff's Motion contains very little information that is relevant to whether Plaintiff is being deprived of kosher food in his new facility. Instead, most of the alleged facts pertain to the "common fare" program, which is irrelevant to this Motion. The only facts Plaintiff provides in support of his contention that he is currently being deprived of kosher foods are: (1) a copy of an e-mail from Plaintiff's criminal counsel to his counsel in this case, in which the criminal counsel informs the civil counsel that Plaintiff informed the criminal counsel that he was "not receiving his Kosher diet," (Mot. for TRO 8:4-20, ECF No. 17), and (2) the allegation that "Through a written letter by [Plaintiff], it has been confirmed that he was transferred to Lovelock Correctional Center, Lovelock has no certified Kosher preparation facilities, and [Plaintiff] is being served food prepared at Lovelock which is not certified Kosher," (*Id.* at 8:21-24.) However, the letter that the Motion references, (*see* Ex. 3, ECF No. 17), is too conclusory and speculative to warrant the issuance of a TRO. Although the letter from Plaintiff does state that "Lovelock Correctional Center does not have a certified kosher kitchen facility," Plaintiff does not explain how he knows this to be true. Indeed, he sets

forth no basis for this knowledge. Likewise, though the letter states "I am being forced to eat non-kosher food at L.C.C.," Plaintiff fails to provide the basis for his conclusory allegation and the Motion does not analyze why the food he is now eating is non-kosher.  For example, Plaintiff indicates in the letter that he has been given non-kosher hot dogs, but fails to explain why they are non-kosher or how he knows that they are non-kosher.

Because such conclusory statements cannot support the issuance of a TRO, Plaintiff's Motion (ECF No. 17) will be denied.  However, it is denied without prejudice. Plaintiff may re-file a motion seeking the same relief if he is able to meet the standard required for granting injunctive relief.

### D.  The Court Will Not Issue an Order for Civil Contempt

Plaintiff also asks that an Order for Civil Contempt be entered with regard to Defendants because, according to him, Defendants breached their agreement to ensure that Plaintiff is "being treated fairly." (Mot. for TRO 10:25-11:2, ECF No. 17.)  However, as Plaintiff noted in his own Motion, "[t]o establish liability for civil contempt, the plaintiff must show by clear and convincing evidence that the party has violated a specific and definite order of the court." (*Id.* at 9:22-24.)  Plaintiff's conclusory and speculative allegations concerning the food he is being provided do not rise to the level of being "clear and convincing"; therefore, an Order for Civil Contempt will not be entered.

## II.  MOTION TO STAY

This case was functionally stayed at the June 10, 2011 hearing.  At that hearing, the parties agreed that Defendants would provide Plaintiff with at least thirty (30) days notice of any change with respect to the availability of kosher meals, and the Court stayed consideration of Plaintiff's initial Motion for a TRO (ECF No. 4) until such time as consideration would be appropriate. (*See* ECF No. 11.)

Defendants have, however, filed a Motion to formally stay the proceedings (ECF No.

13), to which Plaintiff has filed a Notice of Non-Opposition (ECF No. 16). Therefore, that Motion to Stay (ECF No. 13) will be GRANTED. This lawsuit is hereby stayed until the status conference already scheduled for December 15, 2011, at which point the Court will reevaluate the stay. Should an active controversy arise between Plaintiff and Defendants before then, the stay will be lifted.

In light of the stay, Defendants' Motion to Extend Time (ECF No. 14) and Plaintiff's Motion to Certify Class (ECF No. 5) are DENIED without prejudice to them being re-filed at a more appropriate time.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Certify Class (ECF No. 5); Plaintiff's Motion for a Temporary Restraining Order (ECF No. 17); and Defendants' Motion to Extend Time (ECF No. 14) are **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay (ECF No. 13) is **GRANTED**.

DATED this 22nd day of July, 2011.

_____
Gloria M. Navarro
United States District Judge