UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| HOWARD ACKERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:11-cv-00883-GMN-PAL |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| STATE OF NEVADA DEPARTMENT OF CORRECTIONS, *et al.,* | ) ) | (Mot by Int. Party - Dkt. #21) |
| | ) | |
| Defendants. | ) | |

Before the court is a Motion by Interested Party/Class Member for Opportunity to Be Heard and Offer Information (Dkt. #21) filed by non-party Kenneth Friedman, an inmate at High Desert State Prison. The matter was referred to the undersigned for decision by the district judge. The court has considered the Motion, Plaintiff's Response (Dkt. #22), and Defendant's Response (Dkt. #23).

The Complaint (Dkt. #1) in this case was filed June 1, 2011. An Emergency Motion for a Temporary Restraining Order (Dkt. #4) and a Motion to Certify a Class (Dkt. #5) were also filed June 1, 2011. The district judge set the emergency motion for a temporary restraining order for hearing June 10, 2011. Minute Order in Chambers (Dkt. #7), entered June 2, 2011. The complaint and motion for a temporary protective order seek injunctive relief to prohibit the Nevada Department of Prisons from implementing a policy change that kosher diets are no longer to be provided to Jewish prisoners and prisoners of other religious faiths whose religion require them to keep kosher. Complaint (Dkt. #1) ¶ 1. The named Plaintiff, Howard Ackerman, is an Orthodox Jewish prisoner who is required to keep kosher as an essential tenet of his religion. *Id.* ¶ 2. He alleges the Department of Corrections actions violate his rights and the rights of putative class members under the Religious Land Use and Institutionalized Person Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a). *Id.*

At the hearing on the motion for temporary restraining order, the district judge heard representations of counsel, memorialized stipulations reached among the parties on the record and continued the matter for further proceedings to December 15, 2011.

In an Order (Dkt. #19) entered July 22, 2011, the district judge denied Plaintiff's Motion to Certify a Class (Dkt. #5) and Plaintiff's Motion for a Temporary Restraining Order (Dkt. #17) without prejudice, and stayed this case until the status conference scheduled for December 15, 2011. The order found that Plaintiff filed this lawsuit prematurely because the Nevada Department of Corrections has not yet decided to implement a non-kosher meal plan, although it may need to overhaul some aspects of its meal system due to budgetary constraints. The order found Plaintiff had failed to carry his burden of demonstrating that he is entitled to a temporary restraining order and had failed to make a clear showing that he is being deprived of kosher foods. Because the Defendants agreed to provide Plaintiff with at least thirty days notice of any change with respect to the availability of kosher meals at the Nevada Department of Corrections, the court granted Defendants' motion to stay proceedings in this case until the December 15, 2011 status conference, indicating the court would re-evaluate the stay. The court also indicated that, if an active controversy should arise between Plaintiff and Defendants before the status conference, the stay would be lifted.

Non-party Kenneth Friedman states that he is a verified Jewish prisoner and similarly situated to other prisoners on behalf of whom this lawsuit was filed. He states he has never been given formal notice by the parties of this action or given an opportunity for input. He believes his experience at High Desert where he has been incarcerated is not the same as those experienced by Plaintiff Ackerman. He believes that Ackerman and others incarcerated at the Northern Nevada Corrections Center receive meat, dairy, poultry and fish more often than he does. His motion requests equal representation and opportunity to be heard at the December 15th status conference concerning the "striking diet differences" he and others have experienced since June 2011, "as it relates to the spirit and letter of the stipulations purportedly set forth by the parties, and intent of this court's orders and relief sought in this matter".

Plaintiff filed a response indicating that, despite Defendant's assertions to the contrary, he still has strong concerns about the accuracy of representations that all prisoners are receiving a proper

kosher diet. As Mr. Friedman can provide support for his claims, he asks that the court grant Mr. Friedman's motion in the interest of justice.

The Defendants' Response (Dkt. #23) asks that the court strike the motion and Plaintiff's response to the motion on several grounds. First, the court denied, without prejudice, the motion to certify a class, so Friedman has no standing as either an interested party or class member. Because his interests align with the Plaintiff, he is not a friend of the court, but rather a friend of a party and his motion, therefore, does not qualify as an *amicus curie* brief. Additionally, Friedman's motion and the Plaintiff's response should be stricken because of the stay the district judge imposed. Finally, Defendants argue there is good cause to avoid adjudication of substantive motions in this case "because Defendants have challenged the very ripeness of this action, which is predicated on potential future action that has not occurred."

The district judge has found that Plaintiff filed this lawsuit prematurely because the Nevada Department of Corrections has not decided to implement a non-kosher meal plan. She stayed this action until the December 15, 2011 hearing, and denied without prejudice Plaintiff's motion for a temporary restraining order and Plaintiff's motion to certify a class. As Plaintiff's motion to certify a class has been denied without prejudice, Mr. Friedman is not a class member and has no right to notice and opportunity to be heard. The district judge stayed proceedings in this action until the status conference indicating she would re-evaluate the matter at that time. She has not requested an evidentiary hearing or granted leave for the parties to conduct discovery of an action she has found was prematurely filed. Under these circumstances,

**IT IS ORDERED** that the Motion by Interested Party/Class Member for Opportunity to Be Heard and Offer Information (Dkt. #21) is **DENIED**.

Dated this 28th day of October, 2011.

_____
Peggy A. Leen
United States Magistrate Judge