UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HOWARD ACKERMAN, on his own behalf and on behalf of a class of those similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br>　　　vs.<br><br>STATE OF NEVADA DEPARTMENT OF CORRECTIONS; BRIAN SANDOVAL, in his official and individual capacity; ROSS MILLER, in his official and individual capacity; CATHERINE CORTEZ-MASTO, in her official and individual capacity; JAMES COX, in his official and individual capacity,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 2:11-cv-00883-GMN-PAL<br><br>**ORDER** |

　　　Pending before the Court is Defendants' Motion for Stay of Injunctions or, in the Alternative, Motion to Require that Plaintiff Give Security (ECF No. 83). For the reasons discussed below, the Court will deny the motion.

　　　On Friday, February 10, 2012, the Court held a hearing on several motions, including Plaintiff's Motion for Preliminary Injunction (ECF No. 31). Having read and considered the parties' arguments presented in the briefs and the arguments presented at the hearing, the Court granted the motion for the reasons articulated at the hearing. To the extent that the Court did not articulate whether Plaintiff was required to give security pursuant to Federal Rule of Civil Procedure 65(c), the Court now amends the injunction order to specify that Plaintiff is not required to give security.

The Court finds that because Plaintiff is an indigent inmate[1], ordering Plaintiff to give security would essentially deny access to judicial review. *See Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1126 (9th Cir. 2005) ("'The district court has discretion to dispense with the security requirement, or to request mere nominal security, where requiring security would effectively deny access to judicial review.'" (quoting *Cal. ex rel. Van de Kamp v. Tahoe Reg'l Planning Agency*, 766 F.2d 1319, 1325 (9th Cir. 1985) (per curiam)). The Court has considered the hardships Defendants are likely to bear as a result of the injunction and finds nevertheless that requiring Plaintiff to provide security would not be in the interest of justice.

As stated by the Court at the February 10, 2012 hearing, the Court made the following findings:

Plaintiff's Amended Complaint (ECF No. 29) alleges violations of 42 U.S.C. § 2000cc-1(a), the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") by Defendants relating to implementation of their new proposed Common Fare Menu ("CFM"). RLUIPA provides that:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that the imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling interest.

42 U.S.C. § 2000cc-1(a). Prior to the filing of Plaintiff's Amended Complaint, the Court had granted the parties' request for a six-month stay so that they could attempt an informal resolution. However, no agreement was reached. In order to preserve the status quo pending resolution by the Court on the merits, Plaintiff filed a Motion for Preliminary Injunction (ECF No. 31) requesting an order enjoining Defendants from implementing their new proposed CFM.

---

[1] Plaintiff argues his indigency in his Opposition (ECF No. 90), and Defendants present no evidence or argument contesting this point (*see* Defs.' Mot. for Stay of Injunctions, ECF No. 83).

The Court considered the legal standard governing preliminary injunctions, as stated by the United States Supreme Court and by the Ninth Circuit Court of Appeals:

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Furthermore, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  And finally, "[i]n deciding a motion for a preliminary injunction, the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l. Molders' & Allied Workers' Local Union No. 164*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Indus., Inc. v. Tapewriter*[sic]*, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

In the instant case, there is an additional consideration the Court must evaluate in determining whether an injunction should issue, in that the Prison Litigation Reform Act ("PLRA") provides:

> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief.  Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.  The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).

After weighing the evidence and the arguments presented to the Court, the Court found as

follows:

Although Plaintiff has not shown a strong likelihood of success on the merits, the Court finds that "serious questions going to the merits" are present here, and the balance of hardships tips sharply toward the Plaintiff.  Furthermore, there exists a likelihood of irreparable injury and an injunction is in the public interest.  The Court finds further that the purpose of the PLRA favoring narrowly drawn relief using the least intrusive means is served by limiting the injunction and enjoining Defendants' implementation of their new proposed CFM only as to Plaintiff Ackerman and as to the inmates who have expressly elected (as identified in the sealed Exhibit [ECF No. 73]) to continue to receive the Defendants' current kosher meals menu.

For the reasons stated above, and articulated by the Court at the February 10, 2012 hearing, as memorialized above,

**IT IS HEREBY ORDERED** that Plaintiff is not required to give security as a condition of the injunction issued by the Court on February 10, 2012 (ECF No. 64), and as amended on February 17, 2012 (ECF No. 72).

**IT IS FURTHER ORDERED** that Defendants' Motion for Stay of Injunctions or, in the Alternative, Motion to Require that Plaintiff Give Security (ECF No. 83) is **DENIED**.

**IT IS SO ORDERED** this 12th day of March, 2012.

_____
Gloria M. Navarro
United States District Judge