**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HOWARD ACKERMAN, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:11-cv-00883-GMN-PAL |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| STATE OF NEVADA DEPARTMENT OF ) | (Emg. Requst for Status Conf - Dkt. #100) |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

   Before the court is Defendants' Emergency Request for Status Conference (Dkt. #100) filed March 14, 2012. The motion states that on March 12, 2012, Defendants filed a Notice of Appeal of three interlocutory orders entered by the district judge on February 10, 2012, February 17, 2012, and March 12, 2012.

   The court conducted a status conference with the parties at 8:30 a.m., on March 12, 2012, on the parties' conflicting proposals for a discovery plan and scheduling order and discovery and scheduling disputes outlined in their joint report. After hearing arguments of counsel for more than 30 minutes, the court was finally advised that the Defendants intended to file a notice of appeal later that day challenging Judge Navarro's interlocutory orders, but Defendants still wished to proceed with discovery. Counsel for the Defendants requested that the court enter an order authorizing the depositions of numerous inmates who are putative class members covered by Judge Navarro's injunction so that discovery could proceed while the anticipated appeal was pending. At the March 12th hearing, counsel for Defendants took the position that, once a notice of appeal was filed, this court lacked jurisdiction to hear matters in this case. Counsel for the Plaintiff disagreed asserting the trial court would retain jurisdiction over all matters except those directly affected by the Defendants' interlocutory appeal.

Although Counsel for the Defendants took the position this court lacks any jurisdiction to conduct further proceedings in this case, the current "emergency motion" seeks "an emergency status conference to address pending motions and the status of the proceedings awaiting the outcome of the Appeal in this matter."

The Defendants' request for an emergency hearing does not comply with LR 7-5(d) which requires that written requests for judicial assistance in resolving an emergency dispute be accompanied by an affidavit setting forth:

(1) the nature of the emergency;

(2) the office addresses and telephone numbers of movant and all affected parties; and

(3) a statement of movant certifying that, after personal consultation and sincere effort to do so, movant has been unable to resolve the matter without Court action.  The statement also must state when and how the other affected party was notified of the motion or, if the other party was not notified, why it was not practicable to do so.  If the nature of the emergency precludes such consultation with the other party, the statement shall include a detailed description of the emergency, so that the Court can evaluate whether consultation truly was precluded.  It shall be within the sole discretion of the court to determine whether any such matter is, in fact, an emergency.

Counsel for Plaintiff filed a Non-Opposition to Defendants' Emergency Motion (Dkt # 101) indicating he did not oppose the request, and would be out of town on March 21 and 22, but would make himself available "at any other upcoming date that is convenient for the Court."

Having reviewed and considered the Defendants' one-line request for an emergency hearing which does not comply with LR 7-5, the court is not satisfied that any genuine emergency exists that requires the court's immediate attention.  A status and dispute resolution conference is already set for March 27, 2012.  Neither side has provided any information to the court to evaluate the need for an earlier hearing. The court will hear what the parties now deem an emergency at the March 27th status conference, and require counsel for the parties to meet and confer and include in the joint status report they were ordered to submit by March 23, 2012, what specifically counsel wish to address, what relief if any, is sought from the court, and the parties' positions with respect to the jurisdiction of this court to grant the relief requested.

IT IS ORDERED that Defendants' Emergency Request for Status Conference (Dkt. #100) is Granted, to the extent the court will address additional matters counsel characterize as an emergency at

1  the March 27, 2012, status hearing **provided counsel state with specificity what matters they wish to**
2  **address, what relief, if any, is sought from this court, and the parties' positions regarding this**
3  **court's jurisdiction to entertain the relief requested in the joint status report due March 23, 2012.**
4  Dated this 14th day of March, 2011.

_____
Peggy A. Leen
United States Magistrate Judge