1
2
3                             UNITED STATES DISTRICT COURT
4                                   DISTRICT OF NEVADA
5
6    HOWARD ACKERMAN,                        )
7                              Plaintiff,    )        Case No. 2:11-cv-00883-GMN-PAL
                                             )
8    vs.                                     )                **ORDER**
                                             )
9    STATE OF NEVADA DEPARTMENT OF           ) (Mot Int. Party - Dkt. ##27, 38, 56, 74, 106. 109)
     CORRECTIONS, et al.,                    )
10                                           )
                             Defendants.     )
11   _____)

12          Before the court are three Motions by Interested Party/Class Member for Opportunity to Be

13   Heard and Offer Information (Dkt. ##27, 38, 56, 74, 106 109) filed by non-parties Cody Leavitt and

14   Kenneth Friedman, both inmates at High Desert State Prison.  The matters were referred to the

15   undersigned for decision by the district judge.  No responses to the Motions have been filed, and the

16   time for filing them has now run.  The court has considered the Motions.

17                                      **BACKGROUND**

18   **I.    The Complaint**

19          The Complaint (Dkt. #1) in this case was filed June 1, 2011.  An Emergency Motion for a

20   Temporary Restraining Order ("TRO") (Dkt. #4) and a Motion to Certify a Class (Dkt. #5) were also

21   filed June 1, 2011.  On June 2, 2011, the district judge set the Emergency Motion for TRO for hearing

22   June 10, 2011.  *See* Minute Order (Dkt. #7).  The Complaint and Motion for TRO seek injunctive relief

23   prohibiting the Nevada Department of Prisons from implementing a policy change stopping the service

24   of kosher meals to Jewish prisoners and prisoners of other religious faiths whose religion require them

25   to keep kosher.  Complaint at ¶ 1.  The named Plaintiff, Howard Ackerman, is an orthodox Jewish

26   prisoner who is required to keep kosher as an essential tenet of his religion.  *Id.* at ¶ 2.  He alleges the

27   Department of Corrections' actions violate his rights and the rights of putative class members under the

28   Religious Land Use and Institutionalized Person Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a).  *Id.*

## II.      Procedural History

In an Order (Dkt. #19) entered July 22, 2011, the district judge denied Plaintiff's Motion to Certify a Class and Plaintiff's Motion for TRO without prejudice and stayed this case until the status conference scheduled for December 15, 2011.  The Order found that Plaintiff filed this lawsuit prematurely because the Nevada Department of Corrections had not yet decided to implement a non-kosher meal plan, although it may need to overhaul some aspects of its meal system due to budget constraints.  The order found Plaintiff failed to carry his burden of demonstrating entitlement to a TRO and failed to make a clear showing that he is being deprived of kosher foods.  Because the Defendants agreed to provide Plaintiff with at least thirty days notice of any change to the availability of kosher meals at the Nevada Department of Corrections, the court granted Defendants' motion to stay proceedings in this case until the status conference, indicating the court would re-evaluate the stay at that time.  At the status conference, held on January 3, 2012, the court lifted the stay, allowed Plaintiff to file an Amended Complaint, and ordered Defendants to provide Plaintiff with notice thirty days prior to implementing the common fare menu.  *See* Minute Order (Dkt. #30).

On January 19, 2012, Plaintiff filed a Motion for Reconsideration (Dkt. #31), requesting the district judge reconsider her rulings on, among other things, the Motion for Class Certification, and the Emergency Motion for Preliminary Injunction because defense counsel advised Plaintiff the common fare menu would be implemented on or about February 27, 2012.  On February 10, 2012, the district judge held a hearing on a number of pending motions.  She granted the Motion to Reconsider the Emergency Motion for Preliminary Injunction (Dkt. #31) as to Plaintiff alone and set a hearing on Plaintiff's Motion to Reconsider Class Certification (Dkt. #31) for April 18, 2012.  Additionally, she directed Defendants to submit a form letter, prepared by the court, to inmates currently receiving a kosher meal, directing the inmates to choose whether they wanted to continue receiving kosher meals or receive the new common fare menu.  *See* Minute Order (Dkt. #63).  On February 17, 2012, after Defendants submitted the inmates' letters, the district judge granted the Motion for Preliminary Injunction as to Plaintiff and all inmates who elected to continue to receive their current kosher meals.  *See* Minute Order (Dkt. #72).

On March 12, 2012, the district judge entered an Order (Dkt. #91) denying Defendants' Motion

for Stay of Injunctions or, in the Alternative, Motion to Require that Plaintiff Give Security (Dkt. #83). On the same day, she also entered an Order (Dkt. #92) denying Plaintiff's Motion to Expedite Decision on Motion for Class Certification (Dkt. #86), and Plaintiff's Motion to Shorten Time (Dkt. #87). Defendants filed a Notice of Appeal (Dkt. #94) on March 12, 2012, appealing three of the district judge's interlocutory Orders (Dkt. ##64, 72 & 91) to the Ninth Circuit Court of Appeals.  Counsel for the parties submitted a stipulation and proposed order certifying class action, to stay the proceedings and to direct class notification procedures pursuant to Fed.R.Civ.P. 23(c)(2)(A) (Dkt. #107) on March 23, 2012.  The district judge has not yet approved or denied the parties' stipulation.

## DISCUSSION

Non-party Cody Leavitt's Motion, which is supported by his own declaration, represents that he is a Jewish prisoner who has received a kosher diet between August 6, 2009, and March 9, 2010.  He claims that when he was transferred to High Desert, his kosher meals were no longer sufficient.  He contends he "is in the  exact status and class as petitioner Howard Ackerman" and "is in essence, a 'class member.'"  Motion (Dkt. #27) at 2:6-7, 8.  Mr. Leavitt contends Defendants are attempting to make the kosher diet a vegetarian diet.  In his declaration, he outlines his grievances with the Nevada Department of Corrections' kosher meal plan, and he attaches the prison's responses to them.  He asserts he has not been notified of the class action by Mr. Hafter, counsel for the Plaintiff, and believes he is entitled to be represented by counsel and receive notices regarding this case because he is a class member.  He requests the court give him "equal representation as a class member," allow him to join the class, make his declaration part of the court's record, and grant "an immediate certification of the HDSP Kosher Diet."

Mr. Leavitt's Second Motion (Dkt. #56) states that he has still not been given notice of Defendants' attempt to eliminate the kosher diet for the common fare meal plan, despite his filing of grievances with High Desert and a letter to Plaintiff's counsel, Mr. Hafter.  He contends the kosher diet offered at High Desert is vastly unsound for a variety of reasons, which he details at length in his filing. He includes a sample month of menus from High Desert's kosher meal plan.  Mr. Leavitt asserts the new common fare menu needs to be rabbinically supervised.  He wants the court to consider the information set forth in his Motion in order to fully and accurately develop the record in this case.

3

1      Non-party Kenneth Friedman's Motion (Dkt. #38) incorporates by reference his prior Motion to

2  be Heard (Dkt. #21), which the court denied in an Order (Dkt. #24), as justification why he should be

3  heard in this matter.  He contends that the new "common fare" menu proposed by the Nevada

4  Department of Corrections is not a kosher diet.  He states that Plaintiff Ackerman is being punished for

5  filing this lawsuit by being transferred and put into punitive-style housing.  Mr. Friedman also states

6  that he was harassed by staff, received hostile letters from the Nevada Attorney General's Office, and

7  was transferred to High Desert in retaliation for his own victory in a lawsuit to obtain a Succah [sic]

8  booth[1] at Lovelock Correctional Center.  Mr. Friedman asserts he can testify that he needs to purchase

9  his own food in order to eat.

10      Mr. Friedman's third Motion (Dkt. #74) represents that he read in the *Las Vegas Review Journal*

11  that the court directed the Defendants in this case to ask inmates receiving kosher meals whether they

12  want to be included in this litigation.  He wants to be heard on April 18, 2012, when he believes the

13  court will hear evidence regarding class certification.  He also represents that on February 14, 2012, he

14  and other Jewish and non-Jewish inmates receiving kosher meals were ordered by prison staff, under

15  threat of disciplinary action, to sign documents electing to receive the common fare meals or continue

16  receiving the current kosher meals.  Friedman also claims Defendants have inflated the costs of the

17  kosher meal plan by including non-Jews (including Catholics and Muslims requesting religious/kosher

18  diets) in their calculations.

19      Mr. Friedman's fourth Motion (Dkt. #106) urgently and respectfully asks the court to allow him

20  to be heard, or represented by counsel, and to "comprehensively object to any discovery and evidentiary

21  schemes sought by the Defendants."  He characterizes himself as an interested party because he is

22  similarly situated to putative class members.  He is not represented or officially recognized to be heard

23  in this case, but the Defendants are in the process of seeking as much discovery as possible.  He

24

25  _____

26  [1]A sukkah is a temporary structure usually constructed of four walls and covered with a roof of
   tree branches in which Jewish people celebrate the Holiday of Sukkot, usually translated as the

27  Tabernacles or Festival of Booths–a seven-day holiday commemorating the Israelites' wanderings in the
   desert following their exodus from Egypt, during which time, they lived in portable shelters or booths.

28  *See* www.hillel.org/jewish/holidays/sukkot/default (last visited March 7, 2012).

4

believes the Defendants want to create and submit confidential and sensitive documents that he and other similarly-situated Jewish prisoners will not be able to review.  He also believes that defense counsel will seek to depose inmates in a "probable hostile deposition."  The motion needs urgent consideration by the court because of the court's order giving the parties until March 23, 2012, to arrive at a mutually acceptable form of protective order.  A protective order precluding the Plaintiff and similarly-situated putative class members from reviewing materials produced in discovery will create "a high risk of prejudice", and is a 'slippery slope and probably irrelevant subject matter."

He also claims that if the court allows the Defendants to proceed, they will "pollute the record" and that even an in camera review of materials marked sensitive and confidential will prejudice putative class members.

Friedman's Offer of Evidence (Dkt. #109) attaches documents supporting his position that the kosher meal provided to him at HDSP since June 2011, "is far less complete, and less competent as what Mr. Ackerman was or is provided at NNCC or Lovelock."  He believes the exhibits support his contention that the Defendants and their agents are incorrect and have made misrepresentations to the court that all NDOC institutions actually provide the same menu or the same kosher provisions.

The district judge has denied Ackerman's Motion to Certify a Class, and Ackerman's Motion for Reconsideration of the Motion for Class Certification.  Thus, Mr. Friedman and Mr. Leavitt are not class members and have no right to notice or an opportunity to be heard in this case.  Mr. Hafter does not represent them, and he is under no obligation to provide them with notices or information in this case.  If and when a class is certified the district judge will enter a certification order, define the class, appoint class counsel and direct appropriate notice to the class.  At this time, Mr. Hafter is only counsel for the named Plaintiff, Howard Ackerman.

The court has entered a Discovery Plan and Scheduling Order (Dkt. #99), and an Order (Dkt. #96) approving the parties' stipulation permitting depositions of incarcerated inmates.  Counsel for the Plaintiff and counsel for Defendants will each have the opportunity to conduct discovery and obtain deposition testimony of incarcerated inmates either side believes have discoverable information.  Mr. Friedman's repeated filings requesting an opportunity to be heard and offer information, are unnecessarily multiplying these proceedings and taxing the resources of the court.

Accordingly,

**IT IS ORDERED** that the Motions by Interested Party/Class Member for Opportunity to Be Heard and Offer Information (Dkt. ##27, 38, 56, 74, 106 and 109) are **DENIED**.

Dated this 2nd day of April, 2012.

_____
Peggy A. Leen
United States Magistrate Judge

6