CATHERINE CORTEZ MASTO
Nevada Attorney General
WILLIAM J. GEDDES
Senior Deputy Attorney General
Nevada Bar No. 6984
MICHELINE N. FAIRBANK
Nevada Bar No. 8062
Deputy Attorney General
Bureau of Public Affairs
Division of Public Safety
100 N. Carson Street
Carson City, Nevada 89701
Tel: (775) 684-1256
Fax: (775) 684-1275

Attorneys for Defendants
*Catherine Cortez Masto, Gregory Cox,
Ross Miller, Nevada Department Of Corrections,
and Brian Sandoval*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HOWARD ACKERMAN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | Case No. 2:11-cv-00883-GMN-PAL<br><br>**AMENDED ORDER TO DIRECT CLASS NOTIFICATION PROCEDURES PURSUANT TO FED. R. CIV. P. 23(c)(2)(A)** |

　　　　Defendants, by and through counsel, Catherine Cortez Masto, Attorney General of the State of Nevada, William J. Geddes, Senior Deputy Attorney General and Micheline N. Fairbank, Deputy Attorney General, hereby request the notice to the class as set forth below.

　　　　WHEREAS, on May 2, 2012, the Court granted the stipulated Class as mutually defined by the parties pursuant to Fed. R. Civ. P. 23(b)(2);

　　　　WHEREAS, in reaching the agreement regarding the stipulated Class in this matter, the parties agreed that for purposes of giving notice, notice must comply with the requirements of Fed. R. Civ. P. 23(c)(2)(A), and that appropriate notice to the Class will involve written notification to each individual who is currently receiving the current kosher meal plan pursuant to the

injunctive relief ordered on February 18, 2012 [#72] and that such individuals whom receive the written notification will have no less than 14 days from the date of distribution of the notice to petition this Court for inclusion in the Class, as certified;

    WHEREAS, the parties agree that Defendants shall have the opportunity to challenge the Inclusion of any individual's sincerity of belief and/or claim their religious beliefs command the consumption of a kosher diet and that the denial of a kosher meal would constitute a substantial burden on the exercise of their sincerely-held religious beliefs, and to mandate the compliance with AR 814 for inclusion in the Class, or otherwise provide proof, which is satisfactory to this Court, that their religious beliefs do command the consumption of a kosher diet and for whom the denial of a kosher meal would constitute a substantial burden on the exercise of those sincerely-held religious beliefs;

    WHEREAS, the parties agree that upon the expiration of time for individuals to affirmatively petition the court for inclusion in the class, the injunctions dated February 10, 2012 [#64] and February 17, 2012 [#72] shall terminate with respect to anyone who has not filed a petition with this Court and Defendants shall only be required to provide the current kosher menu to those individuals who are part of the certified Class, or have otherwise petitioned this Court for inclusion in the Class;

    THEREFORE, the Court Orders as follows:

1.     For purposes of this matter, including the giving of Notice, the Class consists of:

    All prisoners confined with Nevada Department of Corrections facilities:

    (i)     Who have been identified to the Department of Corrections through various procedures by Plaintiff (i.e., consultation with independent clergy, declaration of faith responses, observed historical observances) as a practicing Orthodox Jew and are currently receiving the current kosher diet;

    (ii)     Those individuals who have submitted an affidavit of inclusion in the Class to Counsel for Plaintiff, Law Office of Jacob Hafter & Associates, on or before March 20, 2012, whose religious beliefs command the consumption of a kosher diet, a kosher diet is sincerely rooted in their system of religious beliefs, and for whom the denial of a kosher meal would constitute a substantial burden on the exercise of their sincerely-held religious beliefs; and

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

2

    (iii)    Those individuals who are currently receiving a kosher diet pursuant to the United States District Court Order dated February 17, 2012, whose religious beliefs command the consumption of a kosher diet, a kosher diet is sincerely rooted in their system of religious beliefs, and for whom the denial of a kosher meal would constitute a substantial burden on the exercise of their sincerely-held religious beliefs, provided such individuals follow an opt-in procedure set by this Court, as more fully described herein;

2. The procedures for giving notice to the Class ordered herein comply with the requirements of due process and Fed. R. Civ. P. 23(c)(2)(A).

3. The Defendants will cause to be served within five (5) days of this Court's order to each individual Class member currently receiving the kosher meal plan pursuant to the February 17, 2012 injunction order [#74], the Notice attached hereto as <u>Exhibit A</u>.

4. Defendants will be permitted to object to the inclusion of any individual class member whose religious beliefs do not command the consumption of a kosher diet, that a kosher diet is not sincerely rooted in their system of religious beliefs, and for whom the denial of a kosher meal would not constitute a substantial burden on the exercise of their sincerely-held religious beliefs

5. The Notice shall provide that the deadline for any request for inclusion in the class will expire not less than 14 days after the date Notice is distributed to the Class.

6. The Notice shall provide that questions regarding the class action may be directed in writing to counsel for Plaintiff and Defendant through the Warden at each Nevada Department of Corrections facility.

///
///
///
///
///
///
///
///

7.   That upon the expiration of the time for a class member to opt into the Class in this matter, the injunctions dated February 10, 2012 [#64] and February 17, 2012 [#72] shall terminate and Defendants shall only be obligated to provide the current kosher meal diet to those individuals expressly included within the Class, or those who have petitioned this Court to be included within the Class and the Court orders to be so included until a final determination has been made on their petition.

Dated this 8th day of May, 2012.

CATHERINE CORTEZ MASTO
Attorney General

By _/s/ Micheline N. Fairbank_
WILLIAM J. GEDDES
Deputy Attorney General
MICHELINE N. FAIRBANK
Deputy Attorney General
Bureau of Litigation

*Attorneys for Defendants*

\*   \*   \*

**ORDER**

**IT IS SO ORDERED** this 9th day of May, 2012.

_____
Gloria M. Navarro
United States District Judge

TO: ALL PRISONERS CONFINED WITH NEVADA DEPARTMENT OF CORRECTIONS FACILITIES WHO ARE CURRENTLY RECEIVING A KOSHER DIET PURSUANT TO THE UNITED STATES DISTRICT COURT ORDER DATED FEBRUARY 17, 2012, WHOSE RELIGIOUS BELIEFS COMMAND THE CONSUMPTION OF A KOSHER DIET, A KOSHER DIET IS SINCERELY ROOTED IN THEIR SYSTEM OF RELIGIOUS BELIEFS, AND TO BE DENIED A KOSHER DIET WOULD SUBSTANTIALLY BURDENED THE FREE EXERCISE OF THOSE RELIGIOUS BELIEFS.

This Notice is given pursuant to Federal Rule of Civil Procedure 23(c)(2)(A) and an order of the United States District Court for the District of Nevada. This Notice is not an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by any party to this litigation. The purpose of this Notice is to inform you of the pendency of this lawsuit, how it might affect your rights and what steps you may take in relation to it.

Beginning June 1, 2012, a class action lawsuit was filed on behalf of Howard Ackerman an Orthodox Jewish inmate confined within the Nevada Department of Corrections. On March 20, 2012, the parties stipulated to a class to consist of:

> All prisoners confined with Nevada Department of Corrections facilities:
>
> (i) Who have been identified to the Department of Corrections through various procedures by Plaintiff (i.e., consultation with independent clergy, declaration of faith responses, observed historical observances) as a practicing Orthodox Jew and are currently receiving the current kosher diet;
> (ii) Those individuals who have submitted an affidavit of inclusion in the Class to Counsel for Plaintiff, Law Office of Jacob Hafter & Associates, on or before March 20, 2012, whose religious beliefs command the consumption of a kosher diet, a kosher diet is sincerely rooted in their system of religious beliefs, and for whom the denial of a kosher meal would constitute a substantial burden on the exercise of their sincerely-held religious beliefs; and
> (iii) Those individuals who are currently receiving a kosher diet pursuant to the United States District Court Order dated February 17, 2012, whose religious beliefs command the consumption of a kosher diet, a kosher diet is sincerely rooted in their system of religious beliefs, and for whom the denial of a kosher meal would constitute a substantial burden on the exercise of their sincerely-held religious beliefs, provided such individuals follow an opt-in procedure set by this Court, as more fully described herein;

This Notice is being sent to you because, while you may be a member of either subsection (i) or (ii) above, you are also a member of subsection (iii) of the Class, as you have been identified as an individual receiving a kosher diet pursuant to the United States District Court Order dated February 17, 2012 and you may be a Class member in this litigation; however, receipt of the Notice should not be construed to indicate that a determination has been made that you are a member of the Class.  To ensure that you are a class member, you must send the attached Kosher Diet Class Action Petition Form as directed herein.

The Defendants in this matter have the ability to challenge the inclusion of any individual who is currently receiving a kosher diet and requests inclusion based upon a claim that your religious beliefs do not command that you consume of a kosher diet, a kosher diet is not sincerely rooted in your system of religious beliefs, and the denial of a kosher meal would not constitute a substantial burden on the exercise of your sincerely-held religious beliefs, and/or the sincerity of your asserted religious beliefs.

To remain a Class member, **you must send the attached Kosher Diet Class Action Petition Form and cause to be delivered to the Associate Warden of Programs at your Nevada Department of Corrections Institution a copy of the Form NO LATER THAN MAY 25, 2012**.

If you remain a Class member, you will be bound by any judgment in this Litigation, whether it is favorable or unfavorable.  If you choose to remain a Class member, you may not pursue a lawsuit on your own with regard to any of the claims assessed or issues decided in this Litigation.  If you wish, you may enter an appearance through your own counsel at your own expense.

If you wish to be excluded from the Class, you are not required to do anything.  If you elect to do nothing and be excluded from the Class, you will be entitled to pursue any individual lawsuit, claim or remedy which you may have at your own expense.

**Failure to elect to be included as a member of the Class, however, will result in an immediate termination of your current kosher meal as of May 26, 2012.**

If you have questions relating to this litigation, you may address those questions in writing for delivery to the Associate Warden of Programing for your NDOC facility, which will then be delivered to the attorneys for the Plaintiff, Jacob. L. Hafter, Esq. and Michael Naethe, Esq., of the Law Offices of Jacob Hafter & Associates, and Defendants, The Nevada Office of the Attorney General, in this matter.  Or you may send, via United States Mail questions directly to counsel at the addresses below:

| Counsel for Plaintiff | Counsel for Defendants |
|---|---|
| Jacob L. Hafter, Esq.<br>Law Office of Jacob Hafter & Associates<br>7201 W. Lake Mead Blvd., Suite 210<br>Las Vegas, Nevada 89128<br>702-405-6700 telephone | William J. Geddes<br>Micheline N. Fairbank<br>Office of the Attorney General<br>100 N. Carson Street<br>Carson City, Nevada 89701 |

Your questions may be responded to by means of a written response or through a telephonic conference.

**YOU ARE NOT PERMITTED TO TELEPHONE OR CONTACT THE CLERK OF THE COURT REGARDING THIS NOTICE.**