1

2                          **UNITED STATES DISTRICT COURT**

3                                 **DISTRICT OF NEVADA**

4

5    HOWARD ACKERMAN,                           )
                                                )
6                           Plaintiff,          )
         vs.                                    )    Case No.: 2:11-cv-00883-GMN-PAL
7                                               )
     STATE OF NEVADA DEPARTMENT OF              )            **ORDER**
8    CORRECTIONS; BRIAN SANDOVAL, in his        )
     official and individual capacity; ROSS MILLER, )
9    in his official and individual capacity;   )
     CATHERINE CORTEZ-MASTO, in her official )
10   and individual capacity; and JAMES COX, in his )
     official and individual capacity,          )
11                                              )
                                                )
12                          Defendants.         )
                                                )
13   _____ )

14          Pending before the Court is the Joint Motion (ECF No. 137) filed by Plaintiff Howard

15   Ackerman and Defendants State of Nevada Department of Corrections ("NDOC" or "the

16   State"), Brian Sandoval, Ross Miller, Catherine Cortez-Masto, and James Cox (collectively,

17   "Defendants").

18   **I.      BACKGROUND**

19          Plaintiff Howard Ackerman filed his original Complaint (ECF No. 1) on June 1, 2011,

20   alleging one cause of action for violations of the First Amendment and the Religious Land Use

21   and Institutionalized Persons Act of 2000 ("RLUIPA").  Plaintiff filed an Amended Complaint

22   (ECF No. 29) on January 3, 2012, alleging two causes of action: (1) violations of the First

23   Amendment and RLUIPA, 42 U.S.C. § 2000cc-1; and (2) Retaliation.

24          On March 23, 2012, the parties submitted a Stipulation and Proposed Order Certifying

25   Class (ECF No. 107) and the Court signed it on May 2, 2012 (ECF No. 114).  Pursuant to the

1   Court's Order (ECF No. 114), the Class was defined as:

2       All prisoners confined with Nevada Department of Corrections facilities:
        (i) Who have been identified to the Department of Corrections through various
3       procedures by Plaintiff (i.e., consultation with independent clergy, declaration
        of faith responses, observed historical observances) as a practicing Orthodox
4       Jew and are currently receiving the current kosher diet;
        (ii) Those individuals who have submitted an affidavit of inclusion in the Class
5       to Counsel for Plaintiff, Law Office of Jacob Hafter & Associates, on or before
        March 20, 2012, whose religious beliefs command the consumption of a
6       kosher diet, a kosher diet is sincerely rooted in their system of religious beliefs,
        and for whom the denial of a kosher meal would constitute a substantial burden
7       on the exercise of their Sincerely-held religious beliefs; and
        (iii) Those individuals who are currently receiving a kosher diet pursuant to the
8       United States District Court Order dated February 17, 2012, whose religious
        beliefs command the consumption of a kosher diet, a  kosher diet is sincerely
9       rooted in their system of religious beliefs, and for whom the denial of a kosher
10      meal would constitute a substantial burden on the exercise of their sincerely-
        held religious beliefs, provided such individuals follow an opt-in procedure set
11      by this Court, as more fully described herein;

12

13

14   Plaintiff Ackerman's second cause of action for retaliation was not mentioned in the definition

15   of the class.

16       In the parties' joint motion currently pending before the Court, the parties attached a

17   proposed settlement agreement (Ex. A to Joint Mot., ECF No. 137-1) and request:

18       (1)   Court approval of the form and manner of class notice (Ex. B to Joint

19       Mot., ECF No. 137-1);

20       (2)   that a deadline be set for class objections to be filed;

21       (3)   that a date be set for a fairness hearing; and

22       (4)   that a deadline be set for party reports to be filed with the Court.

23   (Joint Mot., ECF No. 137.)

24   **II.    LEGAL STANDARD**

25       Rule 23(e) of the Federal Rules of Civil Procedure requires that "claims, issues, or

defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Furthermore, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." *Id.* "If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate." *Id.*

Any class member may object to any proposal requiring court approval under this rule, and the objection may be withdrawn only with the court's approval. *Id.*

**III.   DISCUSSION**

For the reasons discussed at the July 31, 2012 hearing (ECF No. 139), the Court will deny the request for Court approval of the proposed Notice (Ex. B to Joint Mot., ECF No. 137-1), and grant permission to re-file the Notice incorporating the specific changes discussed at the hearing.

The Court will confirm the dates requested at the hearing upon submission of an acceptable Notice.

**IV.   CONCLUSION**

**IT IS HEREBY ORDERED** that the Joint Motion (ECF No. 137) is **DENIED**.

**DATED** this 8th day of August, 2012.

_____
Gloria M. Navarro
United States District Judge