## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HOWARD ACKERMAN, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>STATE OF NEVADA DEPARTMENT )<br>OF CORRECTIONS; BRIAN )<br>SANDOVAL, in his official and individual )<br>capacity; ROSS MILLER, in his official )<br>and individual capacity; CATHERINE )<br>CORTEZ-MASTO, in her official and )<br>individual capacity; and JAMES COX, in )<br>his official and individual capacity, )<br>)<br>Defendants. )<br>_____ ) | Case No.: 2:11-CV-00883-GMN-PAL<br><br>**ORDER** |

Pending before the Court is the Joint Motion to Amend (ECF No. 142), accompanied by an Exhibit (ECF No. 143) jointly submitted by Plaintiff Howard Ackerman and Defendants State of Nevada Department of Corrections ("NDOC" or "the State"), Brian Sandoval, Ross Miller, Catherine Cortez-Masto, and James Cox (collectively, "Defendants").

### I. BACKGROUND

Plaintiff Howard Ackerman filed his original Complaint (ECF No. 1) on June 1, 2011, alleging one cause of action for violations of the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1.  Plaintiff filed an Amended Complaint (ECF No. 29) on January 3, 2012, alleging two causes of action: (1) violations of the First Amendment and RLUIPA, 42 U.S.C. § 2000cc-1 on behalf of the class; and (2) Retaliation on behalf of himself, in his individual capacity.

On March 23, 2012, the parties submitted a Stipulation and Proposed Order Certifying Class (ECF No. 107) and the Court signed it on May 2, 2012 (ECF No. 114). Pursuant to the Court's Order (ECF No. 114), the Class was defined as:

All prisoners confined with Nevada Department of Corrections facilities:

(i) Who have been identified to the Department of Corrections through various procedures by Plaintiff (i.e., consultation with independent clergy, declaration of faith responses, observed historical observances) as a practicing Orthodox Jew and are currently receiving the current kosher diet; (ii) Those individuals who have submitted an affidavit of inclusion in the Class to Counsel for Plaintiff, Law Office of Jacob Hafter & Associates, on or before March 20, 2012, whose religious beliefs command the consumption of a kosher diet, a kosher diet is sincerely rooted in their system of religious beliefs, and for whom the denial of a kosher meal would constitute a substantial burden on the exercise of their Sincerely-held religious beliefs; and
(iii) Those individuals who are currently receiving a kosher diet pursuant to the United States District Court Order dated February 17, 2012, whose religious beliefs command the consumption of a kosher diet, a  kosher diet is sincerely rooted in their system of religious beliefs, and for whom the denial of a kosher meal would constitute a substantial burden on the exercise of their sincerely-held religious beliefs, provided such individuals follow an opt-in procedure set by this Court, as more fully described herein;

Plaintiff Ackerman's second cause of action for retaliation was not mentioned as part of the definition of the class.

In the parties' original joint motion before the Court, the parties attached a proposed settlement agreement (Ex. A to Joint Mot., ECF No. 137-1) and requested:

(1) Court approval of the form and manner of class notice (Ex. B to Joint Mot., ECF No. 137-1);

(2) that a deadline be set for class objections to be filed;

(3) that a date be set for a fairness hearing; and

(4) that a deadline be set for party reports to be filed with the Court.

(Joint Mot., ECF No. 137.)  At the July 31, 2012, hearing on the original motion, the Court directed the parties to amend the proposed Notice and re-submit it to the Court. (Mins., ECF No. 139.)  The motion was then denied without prejudice by written order. (Order, August 8, 2012, ECF No. 141.)  On August 9, 2012, the parties filed the instant motion to amend (ECF No. 142), and on August 13, 2012, the parties submitted the proposed notice as an exhibit to the motion (ECF No. 143).

## II. LEGAL STANDARD

Rule 23(e) of the Federal Rules of Civil Procedure requires that "claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Furthermore, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." *Id*.  "If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate." *Id*.

Any class member may object to any proposal requiring court approval under this rule, and the objection may be withdrawn only with the court's approval. *Id*.

## III. DISCUSSION

Here, the Court finds that the proposed Notice (Ex. A to Joint Mot., ECF No. 143, including the proposed attachment of the proposed settlement agreement (Ex. 1 to Joint Mot., ECF No. 142-1) satisfies the Courts' directives.  The Court attaches the full approved Notice to this Order.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Joint Motion to Amend (ECF No. 142) is **GRANTED**.  The parties shall be permitted to distribute the amended Notice, as attached to this Order, to the members of the Class.

1

2

**IT IS FURTHER ORDERED** that Defendants shall cause the approved Notice to be delivered to each member of the class, no later than **August 20, 2012**.

3

4

5

**IT IS FURTHER ORDERED** that class members' objections, if any, shall be submitted in accordance with the Courts' direction in the Notice and mailed to the Clerk of the Court no later than **September 4, 2012**.

6

7

**IT IS FURTHER ORDERED** that counsel for the parties shall file any responses to class members' objections, no later than **September 13, 2012**.

8

9

10

**IT IS FURTHER ORDERED** that a Fairness Hearing shall take place in **Courtroom 7D of the Lloyd D. George United States Courthouse in Las Vegas, Nevada, on October 11, 2012, at 1:30 p.m.**

11

12

DATED this   16th    day of August, 2012.

13

14

15

16

_____
Gloria M. Navarro
United States District Judge

17

18

19

20

21

22

23

24

25

# <u>NOTICE OF PROPOSED CLASS ACTION SETTLEMENT</u>
*Ackerman v. Department of Corrections, et al.,*
*Case No. 2:11-cv-00883-GMN-PAL (D. Nev.)*

**TO:**  <u>ALL PRISONERS WITHIN THE NEVADA DEPARTMENT OF CORRECTIONS SYSTEM WHOM ARE MEMBERS OF THE ACKERMAN CLASS</u>

**THE PURPOSE OF THIS NOTICE IS TO INFORM YOU OF:**

- **THE TERMS OF THE PROPOSED SETTLEMENT AGREEMENT**

- **THE REASONS WHY CLASS COUNSEL BELIEVE THAT SETTLEMENT IS IN THE BEST INTERESTS OF THE CLASS**

- **YOUR RIGHT TO OBJECT TO THE SETTLEMENT**

## <u>BACKGROUND</u>

This case is an inmate-civil-rights action regarding kosher meals.  In June of 2011, a federal class action lawsuit was filed in the U.S. District Court for the District of Nevada seeking to enjoin the Nevada Department of Corrections ("NDOC") from substituting the current kosher religious-dietary accommodation menu with a new religious-dietary accommodation menu-program called the Common Fare Menu ("CFM") on the grounds that the CFM violates religious rights under the First Amendment and under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") as codified at 42 U.S.C. § 2000cc-1 *et seq.* for inmates whose sincerely held religious beliefs mandate the consumption of a kosher diet.

The Parties stipulated to certify this lawsuit as a class action to a class of prisoners defined as:

All prisoners confined with Nevada Department of Corrections facilities:

(i)   Who have been identified to the Department of Corrections through various procedures by Plaintiff (i.e., consultation with independent clergy, declaration of faith responses, observed historical observances) as a practicing Orthodox Jew and are currently receiving the current kosher diet;

(ii)   Those individuals who have submitted an affidavit of inclusion in the Class to Counsel for Plaintiff, Law Office of Jacob Hafter & Associates, on or before March 20, 2012, whose religious beliefs command the consumption of a kosher diet, a kosher diet is sincerely rooted in their system of religious beliefs, and for whom the denial of a kosher meal would constitute a substantial burden on the exercise

1

of their sincerely-held religious beliefs; and

(iii)   Those individuals who are currently receiving a kosher diet pursuant to the United States District Court Order dated February 17, 2012, whose religious beliefs command the consumption of a kosher diet, a kosher diet is sincerely rooted in their system of religious beliefs, and for whom the denial of a kosher meal would constitute a substantial burden on the exercise of their sincerely-held religious beliefs, provided such individuals follow an opt-in procedure set by this Court, as more fully described herein.

Pursuant to Religious Land Use and Institutionalized Persons Act ("RLUIPA"), codified at 42 U.S.C. § 2000cc-1(a) *et seq.* money damages are not available to the members of the Class in this case; instead, the Class has asked that the Court declare that the CFM was unconstitutional, and order Defendants to continue to provide an acceptable kosher religious-dietary accommodation menu-program.

# PROPOSED SETTLEMENT AGREEMENT

The Parties have agreed to settle this lawsuit on the terms stated below.   The Proposed Settlement Agreement does not constitute any admission of liability by the Defendants.   Defendants deny the truthfulness of the claims in this lawsuit and deny having engaged in any culpable conduct.

After much deliberation, Class Counsel has concluded that the terms and conditions of the Proposed Settlement Agreement are in the best interests of the Class.

**1.    *Why Class Counsel Support the Settlement***

In working on this case, Class Counsel has worked closely with the NDOC to assure that the NDOC institutes a diet which meets the requirements of those who believe that they are required to consume a kosher diet in order to practice their sincerely held and deeply rooted religious beliefs.   In deciding to support a settlement in this lawsuit, Class Counsel has carefully evaluated the benefits of the proposed settlement terms against the risks of an unfavorable outcome in the litigation and the time needed to prosecute the case through a trial and likely appeals.   After considering these issues, it is the professional opinion of Class Counsel that the Proposed Settlement Agreement will assure that the kosher dietary religious requirements of individuals incarcerated within the NDOC system are appropriately accommodated and such is being accomplished more quickly and comprehensively than any result that the Class might otherwise obtain through further litigation of this lawsuit.

**2.    *A Summary of the Key Terms of the Proposed Settlement Agreement***

- The Parties have agreed that rabbinic certification by Scroll K of NDOC kitchen facilities preparing and serving kosher meals to NDOC inmates will appropriately and adequately satisfy the religious dietary requirements of those individuals incarcerated

2

within the NDOC system whom believe that they are required to consume a kosher diet to abide by their religious practices and beliefs.[1]

The above summary does not include all the terms and conditions of the Proposed Settlement Agreement.  Attached hereto as <u>Exhibit 1</u> is a copy of the Proposed Settlement Agreement.

**3.     The Settlement Must Be Approved By The Court Before It is Final.**

Under federal class action rules, before this lawsuit can be settled, the Court must find that the settlement terms are fair, reasonable, and adequate to all Parties.  Court approval is an additional level of protection for all class members.  While Class Counsel strongly believes that this settlement is in the best interests of all current and future prisoners within the NDOC whom are required by their religious beliefs to consume a kosher diet, we recognize that some class members may not support the settlement.  If you do not think this settlement is a good idea, you have the right to file a formal objection with the Court.

After reviewing all timely objections, the Court will hold a Fairness Hearing on October 11, 2012 at 1:30 p.m., in the Lloyd D. George U.S. Courthouse in Las Vegas Nevada, to decide whether or not to approve the Proposed Settlement Agreement.  If the Court decides that the settlement terms are fair, reasonable, and adequate, then the Proposed Settlement Agreement will become final.  If the Court approves the Proposed Settlement Agreement, the parties will jointly move for the case to be dismissed with prejudice.  Thereafter, any disputes regarding implementation of the Agreement will be handled through the dispute resolution mechanism set forth in the Agreement and/or state court.

If the Court decides <u>not</u> to approve the Proposed Settlement Agreement, the settlement will be voided and will have no further effect.  The case will not be settled, but proceed pursuant to the Federal Rules of Civil Procedure.  If that happens, there is no assurance that any decision at trial will be in favor of the class members, or would be upheld on appeal; or that, even if there is a favorable trial decision, it will be as favorable to class members as the Proposed Settlement Agreement would have been.

**4.     You Have the Right to Object to the Settlement.**

If you have no objection to the Proposed Settlement Agreement, you do not have to do anything.

If, however, you believe the Court should <u>not</u> approve the settlement because you object for any reason to the terms of the Proposed Settlement Agreement, you may object. You must submit your objection in writing to the Court. Any objection must contain the following information:

a.  The case name and number:     ACKERMAN v. DEPARTMENT OF CORRECTIONS, 2:11-cv-00883-GMN-PAL;

b.  Your full name and NDOC number;

---

[1] This summary is not intended to act as a substitute for the terms of the Settlement Agreement.

3

c. A clearly written and concise explanation of why you object to the Proposed Settlement Agreement; and

d. Any objections submitted **must** be titled in large, bold print with the words "Objection to Proposed Settlement Agreement" and must include the case name and number included on the title page.

For your objection to be considered by the Court, you **must** mail it by September 4, 2012, to the Clerk of the Court for electronic filing at the following address:

Clerk of the Court
ATTN: ACKERMAN v. DEPARTMENT OF CORRECTIONS, 2:11-cv-00883-GMN-PAL
Lloyd D. George U.S. Courthouse
United States District Court
District of Nevada – Las Vegas
333 Las Vegas Blvd. South
Las Vegas, NV 89101

**5.     Money Issues**

**This lawsuit does not involve money damages, so whether or not this case settles or goes to trial, no class member will obtain money from the Defendants.**

The proposed settlement provides that Defendants shall pay Plaintiffs' Counsel a one-time lump sum of $50,000 to cover some of their fees and costs incurred as a result of pursuing this litigation.  Pursuant to 42 U.S. C. § 1988, attorneys' fees and costs are permissible in this type of a case.

**6.     Questions About the Proposed Settlement Agreement**

If you have any questions about the proposed settlement, you may contact Class Counsel by writing to:

Jacob L. Hafter, Esq.
Michael Naethe Esq.
ATTN: ACKERMAN v. DEPARTMENT OF CORRECTIONS, 2:11-cv-00883-GMN-PAL
Law Office of Jacob Hafter & Associates
7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128

4

# EXHIBIT 1

# EXHIBIT 1

**SETTLEMENT AGREEMENT**

**In The Matter of *Ackerman v. State of Nevada, et al.*,**
**Case No. 02:11-cv-00883-GMN-PAL**

THIS SETTLEMENT AGREEMENT (hereinafter referred to as the "Agreement") is made and entered into by and between Howard Ackerman, on behalf of himself and all persons included in the certified class within the lawsuit styled *Ackerman v. State of Nevada*, *et al.*, Case No. 2:11-cv-00883-GMN-PAL, in the United States District Court for the District of Nevada (herein collectively referred to as "PLAINTIFFS"), with the advice and approval of his attorneys, the Law Offices of Jacob Hafter & Associates and Jacob Hafter, Esq., and the Nevada Department of Corrections ("NDOC") and Director James Cox (hereinafter collectively referred to as "DEFENDANTS"), with the advice and approval of their counsel, Catherine Cortez Masto, Attorney General of the State of Nevada, and Micheline N. Fairbank, Deputy Attorney General, as of the date this Agreement is signed by the parties hereto.

**I.     RECITALS**

A.     On or about June 1, 2011, Howard Ackerman, a prisoner in the custody of the NDOC, commenced a class action lawsuit on behalf of himself and all prisoners similarly situated, in the United States District Court for the District of Nevada styled *Ackerman v. State of Nevada*, *et al.*, Case No. 2:11-cv-00883-GMN-PAL (herein the "*Ackerman Litigation*"). The *Ackerman Litigation* asserts two claims against DEFENDANTS. One claim seeks to enjoin DEFENDANTS from substituting the current kosher religious-dietary accommodation menu ("CKM") with a new religious-dietary accommodation menu-program called the Common Fare Menu ("CFM") on the grounds that the CFM violates PLAINTIFFS' rights under the First Amendment and under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), codified at 42 U.S.C. § 2000cc-1(a) *et seq.* (hereafter referred to as the "Class Claims"). The second claim, which is asserted only by Howard Ackerman, seeks damages from DEFENDANTS on the basis of allegations that DEFENDANTS: (a) violated Mr. Ackerman's

**Settlement Agreement In the Matter of**
*Ackerman v. State of Nevada, et al.*, Case No. 02:11-cv-00883-GMN-PAL
_____ __, 2012
**Page 2 of 9**
_____

First Amendment and RLUIPA rights when they transferred him from Northern Nevada Correctional Center ("NNCC") to Lovelock Correctional Center ("LCC") in retaliation for Mr. Ackerman's institution of the *Ackerman Litigation*; and (b) served Mr. Ackerman non-kosher meals or food items at LCC.

      B.    The PLAINTIFFS recognize that pursuant to the Prison Litigation Reform Act ("PLRA") and RLUIPA, compensatory damages are not permitted, and as such PLAINTIFFS shall not be entitled to any monetary damages as a result of this Action.

      C.    Although the *Ackerman Litigation* also included Brian Sandoval, Catherine Cortez Masto and Ross Miller as named defendants, PLAINTIFFS have dismissed, without prejudice, Brian Sandoval, Catherine Cortez Masto and Ross Miller, who are, therefore, not included as parties to this Agreement.

      D.    PLAINTIFFS and DEFENDANTS desire to compromise, settle and resolve their disputes and to terminate the Class Claims in the *Ackerman Litigation*.

      E.    It is agreed and understood that this Agreement does not compromise, settle and/or resolve the individual retaliation claims of Mr. Ackerman as set forth in Count 2 of his First Amended Complaint, and such claims are personal to Mr. Ackerman and not claims of the PLAINTIFFS compromised by the Complaint or this Agreement.

**II.    TERMS AND CONDITIONS OF SETTLEMENT**

      NOW THEREFORE, in furtherance of their desire to compromise, settle and resolve their disputes and terminate the Class Claims in the *Ackerman Litigation*, PLAINTIFFS and DEFENDANTS hereby covenant and agree as follows:

      A.    <u>**CONSIDERATION**</u>

      The parties mutually exchange the following legal and sufficient consideration:

Settlement Agreement In the Matter of
*Ackerman v. State of Nevada, et al.*, Case No. 02:11-cv-00883-GMN-PAL
_____ __, 2012
**Page 3 of 9**
_____

1.      At DEFENDANTS' expense, the Scroll K organization has certified:

(a)     That the CFM and the NDOC's associated culinary facilities used in preparation of the CFM are kosher;

(b)     That the CFM menu, such as the menu attached hereto as Exhibit A for sample purposes, shall be certified by a registered dietician, approved by the NDOC, to provide proper nutritional values for the dietary requirements of an adult male between the ages of 21-55 years of age with moderate active physical activity (30 minutes or more) ; and

(c)     NDOC has demonstrated its ability to maintain such certification upon the execution of this Agreement and NDOC has in place a readily available kosher alternative to the CFM should an alternative be necessary.

2.      That PLAINTIFFS, whom are eligible for a reduction in their classification and be determined to be eligible for placement at a NDOC minimum security facility and/or conservation camp, shall be afforded the opportunity to be placed at a NDOC minimum security facility and/or conservation camp which has a kosher certified CFM diet available.

3.      That if the contracted certifying organization of rabbis whom has certified as kosher the NDOC's associated culinary facilities used in the preparation of the CFM need to be substituted with another certifying organization, the NDOC shall consult with Rabbi Shea Harlig of Chabad of Southern Nevada, or whomever may be the lead rabbi of such organization at the time a substitute Kashrus agency is solicited, regarding identifying an appropriate substitute certifying organization to certify the NDOC associated culinary facilities used in preparation of the CFM as kosher.

4.      It is understood and agreed that DEFENDANTS may subsequently determine that the CFM menu, as certified, no longer meets the NDOC institutional operational policies and procedures; and if at any point in time DEFENDANTS discontinue the CFM menu,

Settlement Agreement In the Matter of
*Ackerman v. State of Nevada, et al.*, Case No. 02:11-cv-00883-GMN-PAL
_____ __, 2012
**Page 4 of 9**
_____

PLAINTIFFS, whom make a request, shall be provided a rabinically certified kosher diet which shall conform with the religious and spiritual mandates of Kashrut as applicable to PLAINTIFFS under RLUIPA.

       5.    It is further understood and agreed that PLAINTIFFS are not being offered or guaranteed any special future rights or privileges by virtue of this Agreement.  It is further understood and agreed that PLAINTIFFS and DEFENDANTS are required to fully comply with, and abide by, any and all NDOC Administrative Regulations, Operational/Institutional Procedures, and/or other policies and procedures, and that execution of this Agreement does not affect that requirement.

       6.    Upon execution of this Agreement and within fifteen (15) working days following approval of this Agreement by the requisite court, DEFENDANTS will pay legal fees and costs incurred by PLAINTIFFS a one-time lump sum payment in the amount of FIFTY THOUSAND DOLLARS ($50,000.00) to The Law Office of Jacob Hafter & Associates.

       7.    Except as to the provision for payment, as set forth in section II.A.7 of this Agreement, of PLAINTIFFS' fees and costs herein, each party shall bear his, hers, its or their own attorneys' fees and costs.

       8.    Upon court approval of this Agreement, the parties will execute and cause to be filed a stipulation of dismissal with prejudice of the Class Claims in the *Ackerman Litigation.*

**B.**    **SCOPE OF AGREEMENT**

This agreement shall apply to all Class Claims and disputes between PLAINTIFFS and DEFENDANTS over facts and circumstances alleged and all Class Claims asserted in the *Ackerman Litigation.*

Settlement Agreement In the Matter of
*Ackerman v. State of Nevada, et al.*, Case No. 02:11-cv-00883-GMN-PAL
_____ __, 2012
**Page 5 of 9**
_____

### C.    RELEASE AND WAIVER OF RIGHTS

The parties agree this Agreement constitutes a complete compromise and settlement of all Class Claims asserted or unasserted, known or unknown, whether or not they could have been discovered, between PLAINTIFFS and DEFENDANTS relating to the facts and circumstances alleged in the *Ackerman Litigation*.   Neither this Agreement nor anything contained herein shall be construed as an admission of liability or fault on the part of any party. Further, this Agreement constitutes a full and final release of all Class Claims known, unknown, anticipated, and unanticipated, of every nature whatsoever, and all damages arising therefrom, in relation to the facts and circumstances asserted in the *Ackerman Litigation*.  This Agreement shall serve as a bar against and given preclusive effect against any Class Claim or assertion of right made in or related to the facts and circumstances alleged and asserted in the *Ackerman Litigation*.

### D.    AUTHORITY TO EXECUTE AGREEMENT

Mr. Ackerman, acting in the capacity of Class Plaintiff,  warrants, represents and agrees that he has fully read this Agreement, that he fully understands this Agreement, that the legal effect of the terms, covenants and conditions set forth in this Agreement have been fully explained to him by class counsel, that he acknowledges and agrees that class counsel is capable and competent in the matter of this Agreement and that he has no complaints about the manner in which his counsel has represented him and the Plaintiff Class in connection with the *Ackerman Litigation* or this Agreement.

Class Counsel warrants and represents that they are and have been fully authorized to conduct settlement negotiations on behalf of the Class Plaintiff and the Class and to enter into, and to execute, this Agreement on their behalf, with the understanding that it shall have full

**Settlement Agreement In the Matter of**
*Ackerman v. State of Nevada, et al.*, Case No. 02:11-cv-00883-GMN-PAL
_____ __, 2012
**Page 6 of 9**
_____

binding effect subject to approval pursuant to Fed. R. Civ. P. 23(e) by the court in which the *Ackerman Litigation* is pending.

### E.   BINDING EFFECT UPON SUCCESSORS IN INTEREST

This Agreement shall be binding upon and inure to the benefit of all officials, employees, representatives, heirs, successors and assigns of DEFENDANTS and PLAINTIFFS.

### F.   NO SIGNATORY IS THE DRAFTER

None of the Signatories hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law or rule of construction that would or might cause any provision to be construed against the drafter hereof.

### G.   GOOD FAITH SETTLEMENT

This AGREEMENT is entered into in good faith, in accordance with Federal Rule of Civil Procedure 23(e), and the parties will use their best efforts and good faith to jointly petition the Court to further the settlement, compromise, and voluntary dismissal with prejudice of the Class Claims in the *Ackerman Litigation*.

### H.   CONSTRUCTION, INTERPRETATION, AND ENFORCEMENT OF THIS AGREEMENT

This AGREEMENT shall be construed, interpreted, and enforced in accordance with the laws, rules of procedure, and/or common law of the State of Nevada.

### I.   NOTICE OF THE AGREEMENT TO CLASS

DEFENDANTS shall ensure that written notice to members of the class approved by the Court is personally delivered to each member of the class within ten (10) days following the Court's approval of the form of such notice.

Settlement Agreement In the Matter of
*Ackerman v. State of Nevada, et al.*, Case No. 02:11-cv-00883-GMN-PAL
_____ __, 2012
**Page 7 of 9**
_____

### J.  COURT APPROVAL

1.  PLAINTIFFS AND DEFENDANTS acknowledge that Rule 23(e) of the Federal Rules of Civil Procedure requires that the Court must direct notice to the class and approve this Agreement.  Therefore, the parties shall seek approval from the Court pursuant to Fed. R. Civ. P. 23(e) upon approval of this agreement by Counsel for PLAINTIFFS and DEFENDANTS.

2.  Defendants shall ensure that notice, as defined and ordered by the Court, is provided to the class and that such notice shall be provided to each class member no later than ten (10) days following the Court's approval of the form and manner of such notice.

3.  Following the date that class members receive notice of this Agreement, class members must submit any objections to the Agreement within ten (10) days, the Agreement shall be submitted for Court approval and all duties and obligations under this Agreement are contingent upon such final approval by the Court.

4.  DEFENDANTS will promptly, upon presentation, execute all documents reasonably necessary to indicate their joinder in PLAINTIFF's request and their support for Court approval.

### K.  INTERPRETATION AND ENFORCEMENT

This Agreement shall be construed, interpreted, and enforced in accordance with the applicable laws of the State of Nevada.  Any future claim or cause of action arising out of this Agreement shall be brought only before the First Judicial District Court of the State of Nevada.

### L.  COMPLETE AGREEMENT

This Agreement contains the entire understanding between the parties with respect to the matters set forth herein.  There are no representations, warranties, agreements,

**Settlement Agreement In the Matter of**
*Ackerman v. State of Nevada, et al.*, Case No. 02:11-cv-00883-GMN-PAL
_____ __, 2012
**Page 8 of 9**
_____

arrangements, or undertakings, oral or written, between or among the parties hereto relating to the subject matter of this Agreement which are not fully expressed herein.

**M.    COUNTERPARTS AND FACSIMILE COPIES**

This Agreement may be executed in counterparts.  PLAINTIFFS and DEFENDANTS agree that photocopies of this Agreement, as well as facsimile signatures, shall be presumed to be authentic, valid, and binding, subject to challenges and proof to the contrary.

**N.    SEVERABILITY**

PLAINTIFFS and DEFENDANTS agree that, in the event that any portion, term or provision of this Agreement is declared by a court of competent jurisdiction to be invalid or unenforceable, for any reason whatsoever, then those portions, terms or provisions shall be severed from this Agreement as if they were never incorporated into this Agreement and the remainder of the Agreement shall survive and be given full force and effect.


Dated this ___ day of _____, 2012.    Nevada DEPARTMENT OF CORRECTIONS
                                              Director of Department of Corrections


                                              By: _____
                                                   JAMES G. COX


Dated this ___ day of _____, 2012.


                                              By: _____
                                                   HOWARD ACKERMAN

**Settlement Agreement In the Matter of**
***Ackerman v. State of Nevada, et al.***, Case No. 02:11-cv-00883-GMN-PAL
_____ __, 2012
**Page 9 of 9**
_____

**APPROVED AS TO FORM AND CONTENT.**

Dated this ___ day of _____, 2012.     CATHERINE CORTEZ MASTO
                                              Attorney General

                                              By: _____
                                                  MICHELINE N. FAIRBANK
                                                  Deputy Attorney General
                                                  Nevada Bar No. 8062
                                                  100 North Carson Street
                                                  Carson City, Nevada 89701-4717
                                                  Tel: (775) 684-1250
                                                  Fax: (775) 684-1275


                                              *Attorneys for Defendants State of Nevada*
                                              *Department of Corrections and James Cox*


Dated this ___ day of _____, 2012.     JACOB HAFTER AND ASSOCIATES

                                              By: _____
                                                  JACOB L. HAFTER, Esq.
                                                  MICHAEL NAETHE Esq.
                                                  7201 W. Lake Mead Boulevard, Suite
                                                  210
                                                  Las Vegas, Nevada 89128

                                              *Attorneys for Plaintiffs*

# EXHIBIT A

# EXHIBIT A

**Mary Agnes Boni, MPH, RD**
5055 Offenhauser Dr
Winnemucca, NV 89445
775-623-5649 (o)

February 17, 2012

Dawn Rosenberg
Chief of Purchasing
Department of Corrections
P.O. Box 7011
Carson City, NV 89702

Ms. Rosenberg:

This letter is to certify that the **NDOC Common Fare Menu with Sack Lunches,** (dated February 14, 2012) has been analyzed and reviewed for nutritional adequacy. The criteria used to certify this menu was based on a male, 5' 10", 19-50 years old with low activity level (30 – 60 minutes per day). This population requires approximately 2500-2900 calories per day.

According to the information received and reviewed, the NDOC Common Fare Menu with Sack lunches, for a two week cycle, meets or exceeds all minimum requirements for adult males as specified by the Recommended Dietary Allowances (RDA) and the Dietary Reference Intakes (DRIs) as established by the Food and Nutrition Board Institute of Medicine, National Academies.

The menu meets the minimum requirements for the RDA/DRI's, including the recommended levels for total fat and saturated fat. The values for sodium and protein appear to be on the high side. According to the average American diet, this meal pattern is very typical. Over a long period of time, these excesses may be indicative of health problems.

As a group, this menu should be adequate for most men served by the Nevada Department of Corrections.

If you have any questions, or need any additional information, please feel free to contact me.

Sincerely,

Mary Agnes Boni, MPH, RD

Feb. 27.2012

# Nevada Department of Corrections Common Fare Menu

Attachment C

## WEEK 1

Sabbath - cold meals

### Breakfast

| | SATURDAY | SUNDAY | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY |
|---|---|---|---|---|---|---|---|
| B | Fruit — 1 whole piece | Fruit — 1 whole piece | Fruit — 1 whole piece | Fruit — 1 whole piece | Fruit — 1 whole piece | Fruit — 1 whole piece | Bread-Kosher — 4 Slices |
| R | Bran Flakes — 1.13 dry oz | Farina, cooked — 3/4 cup | Oatmeal Cooked — 3/4 cup | Farina, cooked — 3/4 cup | Farina, cooked — 3/4 cup | Farina, Cooked — 3/4 cup | Farina, Cooked — 3/4 cup |
| E | Bread-Kosher — 4 Slices | Bran Flakes — 1.13 dry oz | Bran Flakes — 1.13 dry oz | Bran Flakes — 1.13 dry oz | Bran Flakes — 1.13 dry oz | Bran Flakes — 1.13 dry oz | Bran Flakes — 1.13 dry oz |
| A | Jelly .5 oz P/C — 2 ea. | Bread-Kosher — 2 slices | Bread-Kosher — 2 slices | Bread-Kosher — 2 slices | Bread-Kosher — 2 slices | Bread-Kosher — 2 slices | Bread-Kosher — 2 ea./1 Tbs. |
| K | Margarine 5 gr. Prints — 2 pats/1 tbs. | Margarine 5 gr. Prints — 2 ea./1 Tbs. | Jelly .5 oz P/C — 2 ea./1 Tbs. | Jelly .5 oz P/C — 2 ea./1 Tbs. | Jelly .5 oz P/C — 2 ea./1 Tbs. | Jelly .5 oz P/C — 2 ea./1 Tbs. | Jelly .5 oz P/C — 2 ea./1 Tbs. |
| F | Hard Boiled Egg — 2 ea. | Jelly .5 oz P/C — 2 ea./1 Tbs. | Margarine 5 gr. Prints — 2 pats/1 tsp | Margarine 5 gr. Prints — 2 pats/1 tsp | Margarine 5 gr. Prints — 2 pats/1 tsp | Margarine 5 gr. Prints — 2 pats/1 tsp | Margarine 5 gr. Prints — 2 pats/1 tsp |
| A | Smart Milk or Powdered — 16 fl. oz | Smart Milk or Powdered — 16 fl. oz | Smart Milk or Powdered — 16 fl. oz | Smart Milk or Powdered — 16 fl. oz | Smart Milk or Powdered — 16 fl. oz | Smart Milk or Powdered — 16 fl. oz | Smart Milk or Powdered — 16 fl. oz |
| S | Milk Replacer — 8 fl. oz | Milk Replacer — 8 fl. oz | Milk Replacer — 8 fl. oz | Milk Replacer — 8 fl. oz | Milk Replacer — 8 fl. oz | Milk Replacer — 8 fl. oz | Milk Replacer — 8 fl. oz |
| T | | | | | | | |

### Lunch

| | SATURDAY | SUNDAY | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY |
|---|---|---|---|---|---|---|---|
| L | Bread — 1 whole piece | Bread — 1 whole piece | Bread — 1 whole piece | Fruit — 1 whole piece | Fruit — 1 whole piece | Fruit — 1 whole piece | Bread-Kosher — 4 Slices |
| U | Tuna (Stores pak) Ind. P/C — 2.5 oz/1 ea. | Peanut Butter .50 oz P/C — 6 ea. | Tuna (Stores pak) Ind. P/C — 2.5 oz/1 ea. | Peanut Butter .50 oz P/C — 6 ea. | Chicken Bologna slices/Portion Pk — 4 oz/1 pack | Peanut Butter .50 oz P/C — 6 ea. | Tuna (Stores pak) Ind. P/C — 2.5 oz/1 ea. |
| N | Mayonnaise 9 gr. P/C — 2 ea. | Jelly .5 oz P/C — 2 ea./1 Tbs. | Mayonnaise 9 gr. P/C — 2 ea./1 Tbs. | Jelly .5 oz P/C — 2 ea. | Mayonnaise 9 gr. P/C — 2 ea./1 Tbs. | Jelly .5 oz P/C — 2 ea. | Mayonnaise 9 gr. P/C — 2 ea. |
| C | Mustard .5 gr. P/C — 1 ea. | Hard Boiled Egg — 1 Each | Mustard .5 gr. P/C — 1 Each | Hard Boiled Egg — 1 ea. | Mustard .5 gr. P/C — 1 ea. | Hard Boiled Egg — 1 Each | Mustard .5 gr. P/C — 1 ea. |
| H | Relish 9 gr. P/C — 1 ea. | Veggie Sticks — App. 5 oz. wt | Relish 9 gr. P/C — App. 5 oz. wt | Veggie Sticks (Carrots/Celery) — App. 5 oz. wt | Veggie Sticks (Carrots/Celery) — 1 ea. | Veggie Sticks — App. 5 oz. wt | Relish 9 gr. P/C — 1 ea. |
| | Hard Boiled Egg — 1 ea. | Bread-Kosher — 4 Slices | Hard Boiled Egg — 1 ea. | Bread-Kosher — 4 Slices | Hard Boiled Egg — 1 ea. | Bread-Kosher — 4 Slices | Hard Boiled Egg — 1 ea. |
| | Veggie Sticks (Carrots/Celery) — App. 5 oz. wt | | Veggie Sticks (Carrots/Celery) — App. 5 oz. wt | | Veggie Sticks (Carrots/Celery) — | | Veggie Sticks (Carrots/Celery) — App. 5 oz. wt |

### Dinner

| | SATURDAY | SUNDAY | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY |
|---|---|---|---|---|---|---|---|
| D | Fruit — 1 whole piece | Fruit — 1 whole piece | Fruit — 1 whole piece | Fruit — 1 whole piece | Fruit — 1 whole piece | Fruit — 1 whole piece | Fruit — 1 whole piece |
| I | Turkey Slices/Portion Pak — 4 oz/1 pack | Beef/Rice/Veg — 1/2 cups | Vegetarian Refried Beans — 1 1/2 cups | Chicken/Rice/Veg — 1 1/2 cups | Tuna — 2.5 oz/1 ea. | Sausage/Rice/Veg — 1 1/2 cup | Peanut Butter .50 oz P/C — 6 ea. |
| N | Var. Veg. (Green Beans) Raw Cold — 1 cup | Vegetarian Refried Beans — 1/2 cup | Bell Pepper — 1 cup | Vegetarian Refried Beans — 1 1/2 cups | Vegetarian Beans — 1 1/2 cups | Cucumber — 1/2 cup | Jelly — 1/2 cup |
| N | Lettuce — 1 cup | Onion — 1/2 cup | Var. Veg. (Zucchini) — 1 cup | Cabbage — 1 cup | Mayonnaise 9 gr. P/C — 1 cup | Tomato — 1/2 cup | Vegetarian Refried Beans — 1 1/2 cups |
| E | Bread-Kosher — 1 cup | Cabbage — 1 cup | Lettuce — 1 cup | Veggie Sticks (Carrots/Celery) — App. 5 oz. wt | Lettuce — 1 cup | Lettuce — 1 cup | Cabbage — 1 cup |
| R | Margarine 5 gr. Prints — 2 pats/ 1 tsp | Margarine 5 gr. Prints — 2 pats/ 1 tsp | Bread-Kosher — 4 ea. | Bread-Kosher — 4 ea. | Bread-Kosher — 4 Slices | Relish 9 gr. P/C — 2 pk. | Onion — 1/4 cup |
| | | | Margarine 5 gr. Prints — 2 pats/ 1 tsp | Rice — 1/2 cup | Hard Boiled Egg — 1 ea. | Mayonnaise — 2 pk. | Bread-Kosher — 1 cup |
| | | | | | Margarine 5 gr. Prints — | Margarine 5 gr. Prints — 2 pats/ 1 tsp | Veggie Sticks (Carrots/Celery) — App. 5 oz. wt |
| | | | | | | | Bread-Kosher — 4 Slices |

## WEEK 2

Sabbath - cold meals

### Breakfast

| | SATURDAY | SUNDAY | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY |
|---|---|---|---|---|---|---|---|
| B | Fruit — 1 whole piece | Fruit — 1 whole piece | Fruit — 1 whole piece | Fruit — 1 whole piece | Fruit — 1 whole piece | Fruit — 1 whole piece | Fruit — 1 whole piece |
| R | Bran Flakes — 1.13 dry oz | Farina, Cooked — 3/4 cup | Oatmeal Cooked — 3/4 cup | Farina, cooked — 3/4 cup | Oatmeal Cooked — 3/4 cup | Farina, Cooked — 3/4 cup | Farina, Cooked — 3/4 cup |
| E | Bread-Kosher — 4 Slices | Bran Flakes — 1.13 dry oz | Bran Flakes — 1.13 dry oz | Bran Flakes — 1.13 dry oz | Bran Flakes — 1.13 dry oz | Bran Flakes — 1.13 dry oz | Bran Flakes — 1.13 dry oz |
| A | Jelly .5 oz P/C — 2 ea. | Margarine 5 gr. Prints — 2 ea./1 Tbs. | Jelly .5 oz P/C — 2 slices | Jelly .5 oz P/C — 2 slices | Jelly .5 oz P/C — 2 slices | Jelly .5 oz P/C — 2 ea./1 Tbs. | Jelly .5 oz P/C — 2 ea./1 Tbs. |
| K | Hard Boiled Egg — 2 eggs | Margarine 5 gr. Prints — 2 pats/ 1 tsp | Jelly .5 oz P/C — 2 pats/ 1 tsp | Margarine 5 gr. Prints — 2 pats/ 1 tsp | Jelly .5 oz P/C — 2 pats/ 1 tsp | Jelly .5 oz P/C — 2 ea./1 Tbs. | Jelly .5 oz P/C — 2 ea./1 Tbs. |
| F | Margarine 5 gr. Prints — 2 pats/ 1 tsp | Jelly .5 oz P/C — 2 ea./1 Tbs. | Margarine 5 gr. Prints — 2 pats/ 1 tsp | Jelly .5 oz P/C — 2 ea./1 Tbs. | Margarine 5 gr. Prints — 2 pats/ 1 tsp | Margarine 5 gr. Prints — 2 pats/ 1 tsp | Margarine 5 gr. Prints — 2 pats/ 1 tsp |
| A | Smart Milk or Powdered — 16 fl. oz | Smart Milk or Powdered — 16 fl. oz | Smart Milk or Powdered — 16 fl. oz | Smart Milk or Powdered — 16 fl. oz | Smart Milk or Powdered — 16 fl. oz | Smart Milk or Powdered — 16 fl. oz | Smart Milk or Powdered — 16 fl. oz |
| S | Milk Replacer — 8 fl. oz | Milk Replacer — 8 fl. oz | Milk Replacer — 8 fl. oz | Milk Replacer — 8 fl. oz | Milk Replacer — 8 fl. oz | Milk Replacer — 8 fl. oz | Milk Replacer — 8 fl. oz |

### Lunch

| | SATURDAY | SUNDAY | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY |
|---|---|---|---|---|---|---|---|
| L | Fruit — 1 whole piece | Fruit — 1 whole piece | Fruit — 1 whole piece | Chicken Bologna Slices/PP — 4 oz. | Fruit — 1 whole piece | Fruit — 1 whole piece | Fruit — 1 whole piece |
| U | Peanut Butter .50 oz P/C — 6 ea. | Tuna (Stores pak) Ind. P/C — 2.5 oz/1 ea. | Peanut Butter .50 oz P/C — 6 ea. | Bread-Kosher — 4 slices | Peanut Butter .50 oz P/C — 6 ea. | Bread-Kosher — 4 Slices | Peanut Butter .50 oz P/C — 6 ea. |
| N | Jelly .5 oz P/C — 2 ea. | Bread-Kosher — 4 Slices | Jelly .5 oz P/C — 2 ea. | Mayonnaise 9 gr. P/C — 1 ea. | Jelly .5 oz P/C — 2 ea. | Mayonnaise 9 gr. P/C — 2 pk. | Jelly .5 oz P/C — 2 ea. |
| C | Veggie Sticks (Carrots/Celery) — App. 5 oz. wt | Mayonnaise 9 gr. P/C — 1 ea. | Relish 9 gr. P/C — 1 ea. | Mustard 5 gr. P/C — 1 ea. | Hard Boiled Egg — 1 ea. | Mustard 5 gr. P/C — 1 pk. | Hard Boiled Egg — 1 Each |
| H | Bread-Kosher — 4 Slices | Relish 9 gr. P/C — 1 ea. | Veggie Sticks (Carrots/Celery) — App. 5 oz. wt | Relish 9 gr. P/C — App. 5 oz. wt | Bread-Kosher — 4 Slices | Relish 9 gr. P/C — 1 pk. | Hard Boiled Egg — App. 5 oz. wt |
| | | Hard Boiled Egg — 1 ea. | Bread-Kosher — 4 slices | Hard Boiled Egg — App. 5 oz. wt | | Veggie Sticks — 1 ea. | Bread-Kosher — 4 slices |
| | | Mustard P/C — 1 ea. | | Bread-Kosher — | | | |

### Dinner

| | SATURDAY | SUNDAY | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY |
|---|---|---|---|---|---|---|---|
| D | Fruit — 1 whole piece | Fruit — 1 whole piece | Fruit — 1 whole piece | Fruit — 1 whole piece | Fruit — 1 whole piece | Fruit — 1 whole piece | Fruit — 1 whole piece |
| I | Salami Slices/Portion Pak — 4 oz/1 pack | Beef/Rice/Veg — 1 1/2 cup | Peanut Butter .50 oz P/C — 6 ea. | Chicken/Rice/Veg — 1 1/2 cup | Vegetarian Refried Beans — 1 1/2 cups | Sausage/Rice/Veg — 1 1/2 cup | Peanut Butter .50 oz P/C — 6 ea. |
| N | Mustard Ind. P/C — 1 cup | Cabbage — 1 cup | Vegetarian Refried Beans — 2 ea. | Vegetarian Refried Beans — 1 1/2 cups | Cucumber — 1 cup | Vegetarian Refried Beans — 1 cup | Jelly .5 oz P/C — 2 ea. |
| N | Var. Veg. (Zucchini) — 1 cup | Spinach — 1 cup | Bell Pepper — 1/2 cup | Cabbage — 1 cup | Var. Veg. (Green Beans) — 1 cup | Onion — 1/4 cup | Vegetarian Refried Beans — 1 1/2 cups |
| E | Lettuce — 1 cup | Lettuce — 1 cup | Vegetarian Refried Beans — | Bread-Kosher — 4 slices | Lettuce — 1 cup | Veggie Sticks (Carrots/Celery) — App. 5 oz. wt | Cucumber — 1 cup |
| R | Bread-Kosher — App. 5 oz. wt | Veggie Sticks (Carrots/Celery) — App. 5 oz. wt | Var. Veg. (Peas) — 1/2 cup | | Bread-Kosher — 4 Slices | Var. Veg. (Green Beans/Zucchini) — 1 cup | Veggie Sticks (Carrots/Celery) — App. 5 oz. wt |
| | | Bread-Kosher — 4 Slices | Lettuce — 1 cup | | Rice — 1/2 cup | Bread-Kosher — 4 slices | Bread-Kosher — 4 slices |
| | | Margarine 5 gr. Prints — | Bread-Kosher — 4 Slices | | | | |

DOC 3073