UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HOWARD ACKERMAN, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:11-cv-00883-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| STATE OF NEVADA DEPARTMENT OF ) | |
| CORRECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is the Emergency Motion for Reconsideration of Order (ECF No. 235) filed by Plaintiff Howard Ackerman. Defendants State of Nevada Department of Corrections, Brian Sandoval, Ross Miller, Catherine Cortez Masto, James G. Cox (collectively, "Defendants") filed a Response (ECF No. 239) and Plaintiff filed a Reply (ECF No. 243). Plaintiff also filed a Supplement (ECF No. 246) to which Defendants filed a Response (ECF No. 252).

**I.     BACKGROUND**

On May 3, 2013, the Court entered its Order (ECF No. 234) rejecting the parties' proposed class action settlement agreement, dissolving any injunctions previously ordered by the Court, lifting any stays in effect, and decertifying the class. The Court also gave a deadline of May 31, 2013, to file any requests to modify the scheduling order, and denied the oral request of class counsel to withdraw. (*Id.*) The same day, the instant Motion to Reconsider (ECF No. 235) was filed. To date, class counsel has not filed any requests to modify the scheduling order or for any other action on behalf of the class, including any renewed motion to certify the class.

## II. DISCUSSION

### A. "Emergency" consideration

Plaintiff styles the request for reconsideration as an "emergency" motion, but provides no accompanying affidavit as required by Local Rule 7-5. Plaintiff fails to describe "[t]he nature of the emergency" nor does Plaintiff "include a detailed description of the emergency," and he provides no other basis for "the Court to determine whether any such matter is, in fact, an emergency." *See* D. Nev. R. II. 7-5(d). Accordingly, lacking any such showing, the Court determines that the instant request for reconsideration may be considered in the usual course.

### B. Legal Standard

Rule 60 of the Federal Rules of Civil Procedure provides a standard for reconsideration of the Court's Order, describing grounds for relief from a final judgment, order, or proceeding:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Ninth Circuit has distilled the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; and (3) an intervening change in controlling law. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

### C. Analysis

Here, Plaintiff's motion "is filed under the concern that the Order has errors of fact and

law and that the reconsideration is necessary to prevent manifest injustice." (Mot. to Reconsider, 4:12–13, ECF No. 235.) Having considered the parties' arguments, and as discussed below, the Court finds no "errors of fact and law" and no "manifest injustice" that would require reconsideration of its Order. Accordingly, the motion will be denied.

Plaintiff presents four arguments to support his request to "immediately reinstate the injunction, or place an order on the record which requires that the common fare diet be certified kosher at all times and that such is immediately available to all inmates who so choose to eat such," (*Id*. at 9:16–18) and to "reinstate the class . . . and approve the proposed settlement" (Reply to Mot. to Reconsider, 11:7–8, ECF No. 243). First, Plaintiff argues that "the Court's discussion about merits of Plaintiff's claim is inappropriate" in that it "ignores the facts of this case" and "eviscerates Plaintiffs' rights to have the instant claim heard in and [sic] appropriate and fair manner." (Mot. to Reconsider, 4:15–16, 5:1, 6:22–23 (capitalization omitted).) Second, Plaintiff argues that "the Court's comment about 'Even if Plaintiff's claim succeeds, the relief accorded such a successful claim is not likely to include monetary remedies,' is irrelevant." (*Id*. at 7:9–11 (capitalization omitted).) Third, Plaintiff argues that "the Court's concerns about certain objections made by certain class members is irrelevant." (*Id*. at 8:14–15.) And fourth, Plaintiff argues that "the Court's dissolution of the injunction creates an extreme hardship for the class members." (*Id*. at 9:10–11.)

Plaintiff's first argument focuses on the Court's discussion of Plaintiff's likelihood of success on the merits and argues that the Court's discussion at page 10 of the Order "is completely unfounded" and "both ignores the evidence and eviscerates Plaintiffs' rights to have their claims heard before this Court in a fair and prudent manner." (*Id*. at 4:23–25.) Specifically, Plaintiff appears to challenge the Court's findings that "[a]t this stage of the litigation, the Court cannot conclude that Plaintiff will be able to satisfy his prima facie burden," that "[e]ven if that burden can be met, the Court recognizes that reducing costs at this

1  time of nationwide and statewide financial stress is indeed a compelling governmental interest,
2  and that the primary issue to be determined by the Court is whether the common fare diet is the
3  least restrictive means of furthering that interest." (Order, May 3, 2013, 10:14–18, ECF No.
4  234.)  Plaintiff's sole evidentiary basis for challenging these findings appears to be Defendants'
5  compliance with the Court's prior injunction order and other efforts to ensure the availability of
6  kosher options for inmates. (*See* Mot. to Reconsider, 6:14–20, 24–27.)  Plaintiff also appears to
7  argue that the Court's evaluation of Plaintiff's likelihood of success on the merits prior to
8  Plaintiff's full opportunity to engage in discovery is unjust. (*See id*. at 6:28, 7:1–7.)

9        The Court's Order discusses Plaintiff's likelihood of success on the merits in relation to
10 both the proposed settlement and to the injunction.  Therefore, the import of Plaintiff's
11 argument as to the strength of Plaintiff's claims and likelihood of success on the merits bears
12 consideration.  Maintenance of an injunction requires a strong likelihood of success on the
13 merits, or at least serious questions going to the merits.  However, a strong likelihood of
14 success on the merits militates *against* approval of a proposed class action settlement, pursuant
15 to *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1026 (9th Cir. 1998).  While the Court's finding
16 that Plaintiff cannot show a strong likelihood of success on the merits formed the basis of the
17 Court's dissolution of the injunction (*see* Order, May 3, 2013, 14:1–2), this finding actually
18 *supported* the parties' request for approval of the proposed settlement, as noted by the Court in
19 its Order (*see id*. at 10:18–20).  Ultimately, "[h]owever, and as discussed [in the remainder of
20 the Court's Order, the Court found that], the weight of each of the [*Hanlon*] factors the Court
21 must consider in judging the fairness, reasonableness, and adequacy of the proposed settlement
22 is tipped against approval of the settlement . . . ." (*Id*. at 10:20–23.)

23       Therefore, even if the Court agreed with Plaintiff that the strength of Plaintiff's claims is
24 strong, the result would, at most, be reinstatement of the injunction, and not approval of the
25 proposed settlement.  Nevertheless, the Court does not agree with Plaintiff as to the strength of

Plaintiff's claims.  As explained in the Order, and "[a]s stated by the Court at the hearing on the motion for preliminary injunction on February 10, 2012, Plaintiff cannot show a strong likelihood of success on the merits, but only serious questions going to the merits," and "[s]ince that time, the strength of Plaintiff's cause of action has not improved." (*Id*. at 13:20–21, 24–25.)  Therefore, because "the Court continues to recognize that the likelihood of success on the merits is not strong," and "the balance of equities no longer tips sharply in favor of Plaintiff or any of the class," the injunction is no longer merited, and required dissolution. (*See id*. at 14:1–3.)  Underscoring this result is the Court's finding that "Defendants, as representatives of the State of Nevada and its citizens, have borne the financial burden of delaying implementation of a cost-cutting menu, at a time when the state is experiencing budget emergencies," and that "the Court can no longer find that the interests of Plaintiff and the class significantly outweigh the costs and burden on Defendants and the citizens of Nevada in delaying implementation of the common fare menu." (*Id*. at 3–9.)

Accordingly, the Court finds no basis to reconsider its Order on these grounds because the Court cannot find that Plaintiff has presented any evidentiary basis for the Court to reconsider its findings as to the strength of Plaintiff's claims.  Also, the Court cannot find that dissolution of the injunction prior to Plaintiff's completion of discovery is manifestly unjust, particularly where the factors required for issuance of an injunction are no longer met.

Plaintiff's second argument also fails to compel a different result.  Plaintiff takes issue with the Court's determination that even a successful claim is "not likely to include monetary remedies." (Order, May 3, 2013, 10:12–13).  Plaintiff's conclusion that the Court used this "as a basis for diminishing Plaintiffs' claims" is incorrect. (*See* Mot. to Reconsider, 8:11–12.)  This finding addresses the *Hanlon* factor requiring consideration of "the amount offered in settlement." (*See* Order, May 3, 2013, 5:5–12.)  Nevertheless, failing to recognize this connection, Plaintiff argues that "[t]his office is highly concerned about this comment" (Mot. to

1  Reconsider, 7:14–15), yet proceeds to discuss case law supporting the Court's statement.
2  Plaintiff describes the instances where other jurisdictions have awarded monetary remedies and
3  where they have not, and states that the Ninth Circuit has not taken a position. (*See* Mot. to
4  Reconsider, 8:3–4.) Accordingly, Plaintiff appears to recognize the veracity of the very point
5  he challenges. Therefore, the Court cannot find error in its statement that monetary remedies
6  are unlikely.

7  Plaintiff's third argument appears to challenge the Court's evaluation of the objections
8  filed against the proposed settlement, and appears to suggest that the Court gave undue weight
9  to certain varieties of arguments brought against the proposed settlement. (*See* Order, May 3,
10 2013, 10:22–13:4.) Having reviewed Plaintiff's discussion and the relevant section of its
11 Order, the Court finds no grounds to reconsider its findings that "the interests of class counsel,
12 the named plaintiff, and the class members clearly diverged at some point prior to the parties'
13 presentation of the proposed settlement agreement, to the point of outright hostility," that "[n]o
14 class member has articulated approval of the proposed settlement negotiated by class counsel,"
15 and that "[t]his finding of a conflict on the part of class counsel provides an independent
16 ground for rejecting the proposed settlement." (*See id*. at 12:25–13:4.)

17 Finally, Plaintiff's fourth argument also fails to compel a different result. Plaintiff
18 appears to challenge the Court's determination that the balance of equities no longer favors
19 Plaintiff, in relation to the preliminary injunction standard. (Mot. to Reconsider, 9:12–23.)
20 Plaintiff proposes an alternative injunction order that "requires that the common fare diet be
21 certified kosher at all times and that such is immediately available to all inmates who so choose
22 to eat such." (*See id*. at 9:16–18.) However, the Court does not find that this alters the Court's
23 analysis or the considerations articulated by the Court in its Order.

24 For the reasons discussed above, and having considered the entirety of the parties' briefs
25 on the motion, including the Supplement (ECF No. 246) and Supplement Response (ECF No.

252), the Court cannot find that reconsideration of its May 3, 2013, Order is merited.

### III.     CONCLUSION

**IT IS HEREBY ORDERED** that the Emergency Motion for Reconsideration of Order (ECF No. 235) is **DENIED**.

**DATED** this 17th day of December, 2013.

_____
Gloria M. Navarro
United States District Judge