UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HOWARD ACKERMAN, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> STATE OF NEVADA DEPARTMENT OF ) <br> CORRECTIONS, *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No.: 2:11-cv-00883-GMN-PAL <br><br> **ORDER** |

Before the Court is the Motion for Attorney Fees (ECF No. 236) filed by Plaintiff Howard Ackerman, to which Defendants State of Nevada Department of Corrections, Brian Sandoval, Ross Miller, Catherine Cortez Masto, James G. Cox (collectively, "Defendants") filed a Response (ECF No. 242) and Plaintiff filed a Reply (ECF No. 245).

**I.     BACKGROUND**

Plaintiff filed his original Complaint (ECF No. 1) on June 1, 2011, alleging one cause of action on behalf of a class for violations of the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1. Pursuant to the parties' request, the action was stayed in July 2011. (Order, July 22, 2011, ECF No. 19.) The stay was lifted and Plaintiff filed an Amended Complaint on January 3, 2012, alleging two causes of action: (1) violations of the First Amendment and RLUIPA, 42 U.S.C. § 2000cc-1 on behalf of a class; and (2) Retaliation on behalf of himself. (Am. Compl., ECF No. 29.)

On February 10, 2012, the Court granted Plaintiff's Motion for Preliminary Injunction (ECF No. 31) as to Plaintiff only. (Mins. of Proceedings, ECF No. 63; Order, Feb. 10, 2012, ECF No. 64.) On February 17, 2012, the Court amended the injunction to include inmates who elected to continue to receive their current kosher meals as identified in an Exhibit filed under

seal. (Min. Order, Feb. 17, 2012, ECF Nos. 72, 73.)

On March 23, 2012, the parties submitted a Stipulation and Proposed Order Certifying Class (ECF No. 107) and the Court signed it on May 2, 2012 (ECF No. 114). The parties stipulated that Plaintiff's counsel, the Law Offices of Jacob Hafter & Associates, would be appointed as Class Counsel. (*Id*. at 3:22-23.) Plaintiff's second cause of action for retaliation was not mentioned as part of the definition of the class. (*Id*.) In July 2012, the parties submitted a proposed settlement of the class claims with a request to begin approval proceedings, and in August 2012 the Court approved the parties' request, setting a fairness hearing for October 11, 2012. (Order, Aug. 16, 2012, ECF No. 144.)

The fairness hearing was held in October, and on May 3, 2013, the Court entered its Order (ECF No. 234) rejecting the parties' proposed class action settlement agreement, dissolving any injunctions previously ordered by the Court, lifting any stays in effect, and decertifying the class. The Court also gave a deadline of May 31, 2013, to file any requests to modify the scheduling order, and denied the oral request of class counsel to withdraw. (*Id*.) The same day, a Motion to Reconsider (ECF No. 235) was filed by Plaintiff, and three days later the instant Motion for Attorney Fees (ECF No. 236) was filed. To date, class counsel has not filed any requests to modify the scheduling order or for any other action on behalf of the class, including any renewed motion to certify the class.

## II. DISCUSSION

Plaintiff brings this motion through class counsel for an award of attorney fees pursuant to 42 U.S.C. § 1988(b). (Mot. Att'y Fees, ECF No. 236.)

### A. Legal Standard

"In any action or proceeding to enforce a provision of" certain federal statutes governing the protection of civil rights, including section 1983 of Title 42, United States Code, and the Religious Land Use and Institutionalized Person Act of 2000 [42 U.S.C. § 2000cc *et seq*.]

("RLUIPA"), "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b).

Under RLUIPA, no provision "shall be construed to amend or repeal the Prison Litigation Reform Act of 1995 (including provisions of law amended by that Act)" ("PLRA"). 42 U.S.C. § 2000cc-2(e).

Under the PRLA provision governing suits by prisoners, an award of attorney's fees pursuant to section 1988 is further limited:

> In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that –
>
> (A)   the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and
> (B)
>    (i) the amount of the fee is proportionately related to the court ordered relief for the violation; or
>    (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

42 U.S.C. § 1997e(d)(1) (footnote omitted). Also, "[n]o award of attorney's fees in an action described in [§ 1997e(d)(1)] shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18 for payment of court-appointed counsel." 42 U.S.C. § 1997e(d)(3). The hourly rate under section 3006A is limited to "a rate not exceeding $60 per hour for time expended in court or before a United States magistrate judge and $40 per hour for time reasonably expended out of court." 18 U.S.C. § 3006A(d)(1).

**B.   Analysis**

Plaintiff and the class on whose behalf the action is brought are prisoners confined to institutions maintained by the Nevada Department of Corrections. (Am. Compl., 2:¶8, 7:¶47, ECF No. 29.) Individually and on behalf of a class of prisoners, Plaintiff brings this action

pursuant to 42 U.S.C. § 1983, and alleges unlawful actions on the part of Defendants in violation of RLUIPA, 42 U.S.C. § 2000cc-1(a). (Am. Compl., 8:¶¶53–54, 11:¶73, ECF No. 29.)

The total amount of attorney fees requested in the instant motion is $105,031.25, in addition to $350.00 in costs, for the initial filing fee. (Mot. Att'y Fees, 3:10–11, 9:25, & Time Summ., Ex. 1 to Ex. A.) Counsel also attaches a Declaration (*id*. at Ex. A., ECF No. 236-1) and explains the hourly estimates:

> Plaintiff's counsel estimates that he has dedicated at least 243.75 hours to this matter over 2 years, from 2011, when the action was first filed, until the date of this motion, May 6, 2013. See Certification of Jacob Hafter, Esq., attached hereto as Exhibit "A". The summary of time is calculated based upon records of Plaintiff's firm. Id. As with all billing, however, such is neither precise nor guaranteed accurate and the records may not have captured all of the time spent.

(*Id*. at 8:19–24.) Counsel explains further that "the Motion is asking for $450 per hour for Mr. Hafter's time and $350 per hour for Mr. Naethe's time." (*Id*. at 9:4–5.) However, in the attached Time Summary, Mr. Naethe's rate is listed as $325.00. (Time Summ., Ex. 1 to Ex. A.)

Counsel does not address or provide any argument supporting the PLRA fee limitations or the requirement that "the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988." *See* 42 U.S.C. § 1997e(d).

In their opposition, Defendants do not address the PLRA requirements and fee limitations and instead challenge Plaintiff's status as a "prevailing party" under section 1988, with additional argument addressing Plaintiff's failure to satisfy Rule 54 of the Federal Rules of Civil Procedure and the corresponding Local Rule. (Resp. to Mot. Att'y Fees, ECF No. 242.) As a result, Plaintiff's Reply responds only to this issue. (Reply to Mot. Att'y Fees, ECF No. 245.)

Here, the Court must find that even if Plaintiff qualifies as a "prevailing party" under section 1988, Plaintiff has not shown that the PLRA requirement of "proving an actual

violation" has been satisfied, and has not shown how the time and rates for which the award is requested comply with PLRA limitations provided in section 1997e(d).  The basis on which Plaintiff requests "prevailing party" status is the injunctive relief ordered by the Court, and the corresponding actions taken by Defendants in compliance with this injunctive order, and in furtherance of efforts to negotiate.  The Court's grant of injunctive relief was based upon a finding of "serious questions going to the merits" of Plaintiff's claims, and no other finding has been made as to proof of Plaintiff's claims.  Therefore, the Court finds no support in the motion or in the record to demonstrate Plaintiff's success in "proving an actual violation" and without such a finding, the Court cannot award attorney's fees pursuant to section 1988 and the PLRA.

Accordingly, the Court cannot find any basis on which to grant the requested relief, and must deny the motion.

## III.     CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Attorney Fees (ECF No. 236) is **DENIED**.

**DATED** this 17th day of December, 2013.

_____
Gloria M. Navarro
United States District Judge