UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HOWARD ACKERMAN, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>STATE OF NEVADA DEPARTMENT OF )<br>CORRECTIONS, et. al., )<br>)<br>Defendants. )<br>) | Case No.: 2:11-cv-883-GMN-PAL<br><br>**ORDER** |

Before the Court is a Motion to Dismiss or in the Alternative for Summary Judgment (ECF No. 292) filed by Defendants Catherine Cortez-Masto, James Cox, Ross Miller, Brian Sandoval, and the Nevada Department of Corrections (hereinafter "NDOC") on April 28, 2014. Plaintiff Howard Ackerman has failed to file a response, and the deadline to do so passed on May 15, 2014.

## I.   BACKGROUND

This lawsuit was originally filed on June 1, 2011. (ECF No. 1). Plaintiff, a prisoner currently housed at Lovelock Correctional Center, alleges that the "common-fare menu" NDOC seeks to implement does not contain kosher meals and would therefore violate Plaintiff's rights under the Religious Land Use and Institutionalized Persons Act. (ECF No. 29.) Though the Amended Complaint originally asserted a related retaliation claim, that claim has since been severed and is being litigated in a separate action. (ECF No. 286). In the instant Motion, Defendants request that the remaining claim be dismissed because they have recently implemented a revised version of the common-fare menu that "satisfies the strict dietary mandates of those observing the Orthodox Jewish faith," thereby rendering the claim moot. (Mot. 2:5-7, ECF No. 292).

Pursuant to D. Nev. R. 7-2(b), Plaintiff had fourteen days after service of the Motion to

Dismiss (ECF No. 292) to file a response. The docket entry regarding the instant motion specifically stated that the response deadline was May 15, 2014. (Ct.'s Dkt. Entry Re: ECF No. 292). In the intervening time, Plaintiff has neither filed a response nor requested additional time to do so.

## II.   DISCUSSION

Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d). As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g.*, *Roberts v. United States of America*, No. 2:01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002). However, before dismissing a case for failing to follow local rules or for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Also, the Court's need to manage its docket is manifest. *See State Farm Mut. Auto. Ins. Co. v. Ireland*, No. 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009). Further, Plaintiff's failure to timely respond to Defendants' motion has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Less drastic sanctions available to the Court include dismissal of Plaintiff's Complaint without prejudice.

While the public policy favoring disposition of cases on their merits weighs against

1  dismissal, the fact that the other four factors strongly favor dismissal is dispositive in this
2  instance.  Accordingly, upon considering the five *Pagtalunan* factors, the Court finds that
3  dismissal is warranted.  However, in light of the Court's previously articulated concerns
4  regarding the adequacy of Plaintiff's counsel (*see* Order Denying Proposed Settlement 6-8,
5  ECF No. 234), the Court will dismiss Plaintiff's Amended Complaint without prejudice, and
6  this case will be closed.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 292) is **GRANTED**. Plaintiff's Amended Complaint is dismissed without prejudice, and this case shall be closed. The Clerk shall enter judgment accordingly.

**DATED** this __28__ day of August, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court